CHARLES LEISHING, Respondent, v. CHARLES H. VAN BUREN and SAMUEL W. DAY, as Copartners Doing Business under the Name and Style of C. H. VAN BUREN & Co., Appellants.

Third Department, May 17, 1918.

**Principal and agent — action against stockbrokers for alleged conversion of collateral security — evidence not justifying direction of verdict — when issue as to agency cannot be determined as matter of law — when security may be transferred without indorsement.**

Action to recover for the alleged conversion of collateral securing the payment of the plaintiff's brokerage account. The plaintiff indorsed and pledged such collateral with a local stockbroker with whom he dealt and, the same having been sold by mistake, the broker substituted another certificate in the place of those sold which he continued to hold as security for the plaintiff's account with him. Subsequently, the local broker, without the knowledge of the plaintiff, delivered said certificate apparently indorsed by the plaintiff to the defendants, a firm of brokers through whom he operated, as collateral security for his account with them and defendants afterwards sold the stock on the account of the local broker on his order. Evidence examined, and

*Held,* that it was error for the trial court to hold as a matter of law that the local broker was the agent of the defendants and to direct a verdict against them on the theory that they had constructive notice of the character of the pledge of the stock by the plaintiff to his local broker.

The issue of agency aforesaid should not have been decided as a matter of law where one of the defendants, when called as a witness for the plaintiff, was fully examined and the defendants requested to go to the jury.

It is immaterial on the issue of conversion whether the indorsement in blank on the certificate delivered to the defendants was actually signed by the plaintiff, for, even without indorsement, the local broker had a right to hold the certificate for the purpose for which it had been delivered to him and especially so as the original certificates for which it was a substitute had been duly indorsed by the plaintiff.

*Held further,* that even though the defendants, having satisfied the indebtedness of the local broker to them, had a balance in their hands more than sufficient to satisfy the plaintiff, they cannot be charged with a conversion of the certificate as a matter of law, for the plaintiff did not show either possession or right to possession of the thing alleged to have been converted. Under the circumstances a new trial should be granted.

H. T. KELLOGG, J., dissented, with opinion.

APPEAL by the defendants, Charles H. Van Buren and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 5th day of November, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 30th day of October, 1917, denying defendants' motion for a new trial made upon the minutes.

*Sullivan & Cromwell* [*E. H. Sykes* of counsel], for the appellants.

*James Jenkins*, for the respondent.

COCHRANE, J.:

In the year 1913 one Kline was conducting a stock brokerage business in Kingston, N. Y., either for himself or as agent of the defendants. Plaintiff, being the owner of two certificates for five shares each of United States Steel common stock, indorsed and delivered the same to Kline as collateral security for an account which the plaintiff had with him. Kline subsequently sold the stock without authority and as he informed the plaintiff by mistake, and agreed with the latter to replace the same, which he did, substituting in the place of the two five-share certificates, one certificate for ten shares. The defendants are stockbrokers in New York city. Their office was connected by wire with the office of Kline. They conducted quite extensive operations for Kline, buying and selling stocks on his order and carrying the same for him on margin. On June 22, 1916, Kline delivered the ten-share certificate of the plaintiff, apparently indorsed by him, to the defendants as collateral security for his account with them. They retained the same until June, 1917, when they sold the stock on Kline's account and on his order. During all. this time the plaintiff maintained a speculative account with Kline and received the dividends on the steel stock which were sent him directly by the steel corporation. He had no knowledge that his stock had been pledged by Kline to the defendants or held by the latter. This action is brought for a conversion of said certificate or of the proceeds thereof. The trial justice directed a verdict against the defendants because they had actual or constructive notice of the character of the

pledge of the stock by the plaintiff to Kline, and that the defendants were guilty of conversion in selling the stock without notice to the plaintiff.

In holding that the defendants were chargeable with knowledge of the circumstances under which Kline held the plaintiff's stock, the trial justice must have assumed that Kline was the agent of the defendants. That is the contention of the plaintiff. But such assumption on the evidence presented cannot be indulged in as a matter of law. The case of *Mullen* v. *Quinlan & Co.* (195 N. Y. 109), relied on by the plaintiff, is essentially different. There, although a verdict was directed against the defendant, no request was made to go to the jury and the question of agency was determined as one of fact. No evidence was offered by the defendant. Therefore, the only question was whether the plaintiff had made out a *prima facie* case. Here one of the defendants was called as a witness by the plaintiff and was examined fully and they requested to go to the jury. So in the case of *Fuller* v. *Municipal Telegraph & Stock Company* (117 App. Div. 352; affd., 192 N. Y. 546) the question of agency was found as a fact. It is unnecessary to rehearse the evidence bearing on this question. The defendant Van Buren testified in detail as to the relations of his firm with Kline and their manner of doing business, and it is sufficient to say that on the evidence thus presented the defendants cannot be charged as a matter of law with knowledge of the relationship existing between Kline and the plaintiff in respect to the certificate in question.

When the certificate reached the defendants it bore an indorsement in blank purporting to be signed by the plaintiff. The plaintiff testified that it was not his signature. There is no direct evidence to the contrary. I do not think the question of indorsement is important in this case. An indorsement was necessary to give the certificate certain elements of negotiability and to conform to the usual custom prevailing in such cases. (*Knox* v. *Eden Musee Co.*, 148 N. Y. 441, 454.) But without an indorsement Kline had a right to hold the certificate for the purposes for which it had been delivered to him. It stood in the place of the two five-share certificates which the plaintiff admits he indorsed. It was the right of Kline holding it as collateral

security in place of the former certificates to rehypothecate it without indorsement to the defendants to the extent of his interest therein for the purpose of securing his indebtedness to them and they thereupon succeeded to his interest and held the certificate subject to the plaintiff's rights therein. The same thing would be true of any chose in action or chattel hypothecated and rehypothecated as this stock certificate was. An adoption, therefore, of the plaintiff's contention that the certificate was not indorsed does not *per se* lead to an affirmance of this judgment. It might do so in connection with other circumstances, and that brings us to a question which will now be considered.

The defendants have realized from other securities received by them from Kline sufficient to satisfy his indebtedness to them and have a balance in their hands more than sufficient to satisfy the plaintiff. The plaintiff has succeeded in tracing the proceeds of this stock in question into that balance. But here we are confronted with another difficulty. The relationship between the plaintiff and Kline in respect to this particular certificate on the evidence presented is a matter of considerable uncertainty. Plaintiff testified that he owed nothing on the stock in June, 1917, but his credibility as a witness was for the jury on this as well as on other matters testified to by him. Moreover, his conclusion that he owed nothing on the stock is not fortified by his own testimony. Concededly Kline originally held the stock as collateral. The plaintiff claims that it subsequently lost that character and that Kline thereafter held it for safekeeping. Just when it changed its status does not appear. No communication took place between the plaintiff and Kline effecting such change. The plaintiff so testifies affirmatively. From the time of the delivery of the first certificates he maintained a speculative account with Kline. He could not testify how much he owed Kline in June, 1916, when the latter pledged the stock to the defendants nor how much he owed in December of that year. Between the latter date and June, 1917, when defendants sold the stock, the plaintiff could not say that the aggregate of his dealings with Kline did not amount to $30,000. It does not appear from the evidence that he has had any settlement with him or that he does not even now owe him a balance on his

account. It certainly cannot be held as matter of law that Kline ever ceased to have some interest in the stock and that he does not now have an interest in the proceeds thereof. This being an action for conversion the plaintiff must show either possession or the right to possession of the thing alleged to have been converted, and he has shown neither. He did not go far enough with his proof. The evidence leaves Kline still entitled to possession. Some facts which might throw light on the transactions have not been developed. Other facts which seem to be important have been omitted. A verdict having been directed the defendants are entitled to the most favorable inferences properly deducible from the evidence, and in the light of those permissible inferences we are unable to discover any theory on which a verdict could have been directed.

The judgment and order should be reversed and a new trial granted, with costs to the appellants to abide the event.

All concurred, JOHN M. KELLOGG, P. J., in result, except H. T. KELLOGG, J., dissenting, with an opinion.

H. T. KELLOGG, J. (dissenting):

It is undisputed that the plaintiff was the owner of ten shares of United States Steel; that his name appeared as owner on the face of the certificate; that the certificate was in the possession of a broker named Kline, either as a pledge or for safekeeping; that Kline, without notice to plaintiff, transmitted it to his correspondents, the defendants, for sale; that the defendants sold it and have the proceeds of sale on hand. The title to the certificate was always in the plaintiff. No one had the right to meddle with that title. Had Kline sold without notice he would have been guilty of a conversion. (*Markham* v. *Jaudon*, 41 N. Y. 235; *Gruman* v. *Smith*, 81 id. 25; *Content* v. *Banner*, 184 id. 121.) How then could a greater right have come to the defendants? Certainly not through the authority of Kline. He could not authorize the doing of that which he could not do himself. Certainly not because possession alone had been in Kline. Any inference to be drawn therefrom was negatived by the certificate which proclaimed the plaintiff to be owner. The possession of Kline, accompanied by a transfer in blank signed by the

plaintiff, would alone have justified the defendants in making the sale. Even then they would have interfered with the legal title of the plaintiff and have converted his certificate. The plaintiff would merely have been estopped from making that claim through his act in placing a certificate indorsed in blank in the hands of Kline, thereby making Kline the apparent owner. (*McNeil* v. *Tenth National Bank*, 46 N. Y. 325.) The burden of proving the estoppel was clearly upon the defendants. They introduced no evidence to show that the certificate was indorsed in blank by the plaintiff. Such an indorsement was apparently upon the certificate. The plaintiff swore he never indorsed it. The witness to the signature swore that the plaintiff never signed before him. The name of the plaintiff under the indorsement alone proved nothing. It was for the defendants to have proved that this name was signed by the plaintiff. Having failed to do so the plaintiff was entitled to a recovery. Doubtless if the action had been against Kline he might have pleaded and proven an indebtedness on the part of the plaintiff to him in reduction or mitigation of damages. These defendants, however, are strangers to the plaintiff. They could not prove in their own defense the debt owing to Kline. Kline owes them nothing. If they offset the claim owned by him against the damages to the plaintiff there is no reason why Kline could not then sue the plaintiff and have a full recovery. In any event there is no proof as to the extent of the indebtedness of the plaintiff. He was not obliged to tender the amount of the debt before suit. (*Lewis* v. *Graham*, 4 Abb. Pr. 106; *Wilson* v. *Little*, 2 N. Y. 443.) It must clearly follow that he was not obliged to establish the amount of the claim against himself. The suggestion that the conversion was merely of his interest in the property, which was the legal title less a debt held against it, is ingenious but unsound. (*Hanmer* v. *Wilsey*, 17 Wend. 91.) The evidence established without contradiction a conversion of the stock of the plaintiff. He was, therefore, entitled to a direction of a verdict for the value thereof.

　　I favor affirmance.

　　Judgment and order reversed and new trial granted, with costs to appellants to abide event.