ROGER DUNSCOMBE and Others, Doing Business under the Firm Name and Style of DUNSCOMBE & Co., Plaintiffs, *v.* CROCKER-WHEELER ELECTRIC MANUFACTURING COMPANY and Others, Defendants.

Supreme Court, New York County, May 22, 1930.

*Kurtz & Ruby* [*Irwin Kurtz* of counsel], for the plaintiffs.

*Oscar F. Berg*, for the defendant Harry W. Berg.

LEVY, J.  The case of *Richardson* v. *Crandall* (48 N. Y. 348) appears to be decisive of the question presented on this motion to dismiss the complaint.   That action was one to recover possession of certain bonds which the plaintiff's assignor had deposited with the defendant as security that certain enlisted men would not desert before reaching the designated rendezvous.  A number of men did desert and the defendant accordingly claimed that the bonds had been forfeited.   The Commission of Appeals, however, declared that the agreement, being an oral promise to answer for the default or miscarriage of another, was void under the Statute of Frauds.   It held that evidence of the agreement pursuant to which the bonds had been deposited was, therefore, inadmissible, with the result that defendant was unable to establish that he was more than a naked bailee, holding the bonds as plaintiff's property, subject to the latter's control and right of disposition.   The court said (at pp. 353 and 354): " After that proof had been so given by the plaintiff, he rested his case, and the defendant then offered and introduced testimony tending to sustain and establish the several allegations in his answer.   It was thereupon objected on the part of the plaintiff, among other grounds of objection thereto, that the agreement in relation to the deposit of the said bonds was void within the Statute of Frauds, being a special promise or undertaking, by parol and not in writing, to answer for the default or miscarriage of another person.   This objection was well taken. The plaintiff's title to the bonds was clearly established by the evidence introduced by him; and although it also appeared that his assignor, while owner thereof, had deposited them with the defendant and left them in his possession, it was not shown that they were so deposited or left with him as provost marshal or as a public officer, or otherwise than in his individual capacity, as a mere naked bailee thereof, holding the same as the plaintiff's property, subject to his control and disposition thereof, and having himself no interest therein, either personally or as trustee or otherwise, or any right whatever, to retain the same in hostility adversely to the claim or demand of the plaintiff.   It, therefore, was incumbent on him to show a right to retain them, and a justification of his refusal to deliver them to the plaintiff on his demand thereof. This he undertook to do by proving the agreement in question; which was an undertaking or obligation on his part that the enlisted men should go forward to the place of rendezvous, and that they would not, before reaching there, desert the service.

Such an agreement, to be of any validity, must be in writing; and that in question being verbal only, was not admissible as evidence, and having been given against the exception of the plaintiff was insufficient to give the defendant an interest in the said bonds or any right to retain the possession thereof. (See *Rice* v. *Peet*, 15 Johns. Rep. 503.) "

The statement made by the trial court that the action was not predicated upon the agreement was disposed of in the following language (p. 354): " It is true, as he says, that this is not an *action* upon the agreement; but the whole *defense* of the defendant is based thereon, and without it he was, as before stated, a naked bailee of the bonds, and had no ownership or interest therein, or right to retain the same adversely or in hostility to the demand of the plaintiff. It is the only foundation on which he claims to hold them, *and in principle the case is the same as if the defendant was seeking by action to foreclose the plaintiff's right thereto, and bar him from all interest therein, or claim thereto, and upon the judge's own hypothesis there is 'force in the objection.'* " (Italics mine.)

The contention that the agreement had been fully executed also failed to obtain the approval of the Commission of Appeals, Commissioner EARL writing as follows (pp. 363, 364): " Neither was this an executed contract. These bonds were pledged as a security that the soldiers would not desert. The pledge was by the agreement of the parties, and the law implies that the pledgee may hold the property pledged as security, and that in case of forfeiture, he must, by sale, after notice to the pledgor or by action, foreclose the pledge; and until that be done, the legal title to the property remains in the pledgor, and the transaction is *in fieri*. If this contract was fully executed, then the pledgee would have nothing more to do except to hold the bonds as his own, and this will not be claimed."

Chief Commissioner LOTT also disagreed with the view that the agreement was an executed one, pointing out that the plaintiff had not relinquished his ownership in the bonds since he had made no arrangement with the defendant after default (*i. e.*, the desertion of the men) that the latter could keep the bonds free of all claims on the part of the plaintiff (p. 355): " The plaintiff has done nothing more than to *make* the agreement. He has not since or subsequent to making it, in any manner performed any act or consented to or acquiesced in anything whatever by which he has relinquished his ownership of the bonds, or any of them, or a right to a return thereof. If he had, *after the desertion* of the men, or any of them, made a settlement or arrangement with the defendant, by which

he gave up the bonds or any of them, then there would be ground for holding that he had voluntarily performed the agreement, and that it had been executed to that extent, and he could not afterward set up the invalidity of the contract, originally or in its inception, for the purpose of recovering back those he had ·so given up."

In the case at bar the plaintiffs are seeking to foreclose an alleged lien upon stock standing in the name of the moving defendant which they claim the latter had agreed they might hold as collateral security for the payment to them of the indebtedness of one Feuerstein. The alleged agreement is conceded in plaintiffs' bill of particulars to have been oral. It follows, under the authority of the *Richardson* case that the agreement is void and that no evidence may be adduced by the plaintiffs to show that they hold the stock certificate in a capacity other than that of a mere naked. bailee for the movant. Nor is the transaction any more executed than that in the *Richardson* case. The plaintiffs may not treat the stock as their own property, but on the contrary are obliged to take steps to foreclose their alleged lien upon it. The certificate was not given to them with the intention of conferring upon them an absolute and unincumbered title. According to the complaint, it was " *pledged* with plaintiffs *as collateral security* for said Feuerstein's account with plaintiffs." (Italics mine.) *If anything, the transaction was less executed than that in the Richardson case, for the certificate was not indorsed by the defendant in whose name it stood and ·still stands.* The plaintiffs are, therefore, obliged to resort to an action to obtain the requisite indorsement, a situation which did not exist in the *Richardson* case. In the circumstances, it cannot well be said that the mere possession of the unindorsed stock as a " pledge " is sufficient to take the case out of the Statute of Frauds on the theory of an executed transaction. In this connection it may not be amiss to point out that a mere delivery of an unindorsed stock certificate is ineffectual to create a pledge. (Jones Collat. Secur. [3d ed.] 188, 189.)

For the reasons indicated, it seems to me that the Statute of Frauds is a perfectly good defense to the cause of action asserted against the moving defendant, and the motion for judgment on the pleadings dismissing the complaint is, therefore, granted.