ROGER DUNSCOMBE and Others, Doing Business under the Firm Name and Style of DUNSCOMBE & Co., Appellants, *v.* CROCKER-WHEELER ELECTRIC MANUFACTURING COMPANY and Another, Defendants, Impleaded with HARRY W. BERG, Respondent.*

First Department, April 10, 1931.

* Revg. 136 Misc. 915.

*Joseph J. Corn* of counsel [*Irwin Kurtz* and *Conrad J. Ruby* with him on the brief; *Kurtz & Ruby*, attorneys], for the appellants.

*Harry W. Berg* of counsel [*Oscar F. Berg*, attorney], for the respondent.

O'MALLEY, J.   The order appealed from granted the motion of the defendant Berg for judgment upon the pleadings and dismissed the complaint for insufficiency.   The motion was based upon the complaint, answer and plaintiffs' bill of particulars.

The action is in equity and from the allegations of the complaint the following facts must be deemed true.   The defendant Crocker-Wheeler Manufacturing Company, hereinafter designated Crocker-Wheeler, is a stock corporation, of which the defendant Berg is a stockholder.   The plaintiffs are stockbrokers, and the defendant Feuerstein one of their customers.

On October 22, 1929, Feuerstein was indebted to the plaintiffs in his trading account in excess of $36,000.   They called upon him for additional margin.   As a result Feuerstein agreed to deposit with plaintiffs a certificate of forty shares of Crocker-Wheeler, owned by the defendant Berg.   The certificate at the time was

in the possession of Crocker-Wheeler, which was to issue to Berg a new certificate for four hundred shares on the basis of a split up of ten to one. Feuerstein represented to plaintiffs that Berg agreed to lend him the stock and that as soon as the four hundred shares of new stock had been issued to Berg the certificate for such would be delivered to the plaintiffs as collateral.

Later Feuerstein represented to plaintiffs that Berg had agreed with him that without awaiting the issue of the new stock, the old certificate for forty shares should be immediately withdrawn from Crocker-Wheeler by Berg and forthwith delivered to plaintiffs as collateral security for Feuerstein's account. Thereafter Berg himself represented to plaintiffs that he owned the stock; that he had placed the certificate with Crocker-Wheeler for reissue, had instructed the latter to deliver it to plaintiffs and agreed with them that the forty shares should be delivered to them as collateral security.

The complaint alleges that, pursuant to the foregoing facts, Crocker-Wheeler delivered the certificate to the plaintiffs who still have possession of it; that upon discovering the certificate was not indorsed by Berg, plaintiffs requested Feuerstein to cause Berg to execute and deliver to plaintiffs a proper instrument for the transfer of such certificate; that Feuerstein brought such instrument of transfer to the plaintiffs, duly executed by Berg, who authorized and directed Feuerstein to deliver it to the plaintiffs; that Feuerstein wrongfully refused to deliver it and thereafter returned it to Berg.

It is alleged that plaintiffs relied upon the representations of Feuerstein and the confirmatory representations of Berg and thereby extended further credit to Feuerstein in continuing to carry his account. Other allegations of the complaint are that after the certificate was delivered to the plaintiffs, Berg himself admitted to them that he had agreed to lend it to Feuerstein as a pledge with the plaintiffs and had authorized Crocker-Wheeler to make delivery for such purpose; but that Berg further asserted his right to withdraw from his agreement with Feuerstein, and later denied that he had made any such agreement, or gave any authority to Crocker-Wheeler to deliver the certificate and that Berg also denied to Crocker-Wheeler that he had authorized it to deliver the stock to the plaintiffs and demanded of both plaintiffs and Crocker-Wheeler that the certificate be returned to him. It is further alleged that Crocker-Wheeler has refused to transfer the certificate to plaintiffs and that a judgment of the court is required to determine and enforce plaintiffs' rights to and under the unindorsed certificate as collateral security for the unpaid balance of Feuerstein's account.

The specific relief prayed for is that the amount due plaintiffs from Feuerstein be determined; that plaintiffs be adjudged to have a valid lien against Berg and Feuerstein upon the certificate for such sum as may be found to be due from Feuerstein; that Berg be directed to indorse the certificate so that it may be duly transferred, or to execute and deliver to plaintiffs such other instrument as may be necessary and proper for the purpose; that Crocker-Wheeler be directed upon delivery to them of the certificate, to issue to plaintiffs a new certificate of like tenor and amount or, at plaintiffs' election, a new certificate of 400 shares of new stock; " and/or " at plaintiffs' election, said old certificate, or 400 shares be sold at a broker's board or under direction of the court at public auction and that defendants be further barred and foreclosed from any right, title, interest, lien or equity of redemption in said certficate or said 400 shares, and that the net proceeds of such sale be paid to plaintiffs in reduction of Feuerstein's indebtedness to them and that the latter be adjudged to pay plaintiffs any resulting deficiency; that Berg be adjudged to pay plaintiffs so much of any deficiency as shall equal the difference between the net proceeds of sale and such sum as shall be found to represent the value of said 40 shares on October 23, 1929; and further, that if it shall be determined that the representations made by Feuerstein in paragraphs 4 and 5 of the complaint were false and untrue and that plaintiffs have no lien, in such case the plaintiffs have judgment in fraud against Feuerstein.

The appellants contend that the facts alleged are sufficient to create in their favor a legal or equitable lien upon Berg's certificate of stock, delivered as it was with his knowledge and consent as collateral security for Feuerstein's debt, and that such lien is enforcible in equity under the allegations of the complaint.

The order of dismissal was predicated upon the view (1) that the agreement of the defendant Berg with plaintiffs was a special promise to answer for the debt, default or miscarriage of Feuerstein, and, therefore, within the Statute of Frauds and unenforcible, it appearing from the bill of particulars that Berg's representations and promises were oral; and (2) that the delivery of the certificate was ineffectual to create a pledge because it was unindorsed and unaccompanied by any written instrument (136 Misc. 915).

In our view the first ground of the decision is based upon the erroneous view that the plaintiffs' cause of action against Berg was predicated primarily upon Berg's agreement with the plaintiffs. As we read the complaint, the plaintiffs' chief reliance is upon their agreement with Feuerstein who, in the dilemma in which he found himself and for the purpose of procuring plaintiffs' forbearance

from closing out his account, sought and secured the aid and promise of Berg to himself. Berg's obligation was primarily one to Feuerstein. The latter represented to plaintiffs that Berg had agreed to come to his aid and to permit Feuerstein to have the stock for the purpose of pledging it as collateral security to his indebtedness to plaintiffs. True it is that the plaintiffs allege in substance that Berg represented to them that he had made the agreement in question with Feuerstein; and the complaint goes further and alleges that he " further agreed with plaintiffs that said forty shares should be delivered by said Crocker-Wheeler to and pledged with plaintiffs as collateral security for said Feuerstein's said account with plaintiffs." But these allegations may be regarded as the basis of an estoppel. Moreover, in view of the previous allegations showing Berg's agreement made direct with Feuerstein and the former's representation to plaintiffs that such an agreement had in fact been made, we think the complaint is at least susceptible of the construction claimed for it by the appellants, namely, that Berg's agreement with Feuerstein was not to answer to plaintiffs for his debt, but to permit Feuerstein to use his stock certificate as a pledge to the plaintiffs. (*First National Bank* v. *Lafayette Trust Co.*, 85 Misc. 341; affd., 167 App. Div. 940; 216 N. Y. 691.)

We are unable to find from the complaint any promise on the part of Berg to answer for the debt of Feuerstein, as such. All that appears is that he parted with his property rights in the certificate by permitting Feuerstein to hypothecate it as security. By so doing he in no way promised to pay Feuerstein's debt to the plaintiffs and could not be held to them for any deficiency if the collateral proved to be inadequate security. The complaint seeks to hold him only for the difference, if any, between the value of the certificate on October 23, 1929, and the net proceeds realized on a sale.

*Richardson* v. *Crandall* (48 N. Y. 348), relied upon in support of the claim that the agreement here alleged is void under the Statute of Frauds, is neither decisive, nor in fact in point. The decision there was influenced and determined largely by other considerations, among which was the illegality of the transaction, and as one offending against public policy.

Moreover, if the Statute of Frauds might be deemed applicable, the principle of estoppel must be applied. Plaintiffs assert reliance upon the pledge and the extension of further credit to Feuerstein by virtue thereof. It must be remembered that the Statute of Frauds may not be used to perpetrate a fraud. (*Thompson* v. *Simpson*, 128 N. Y. 270, 287; *M. H. Metal Products Corporation* v. *April*, 251 id. 146, 150.) Such would be the effect if the defendant Berg were to be given its benefits here.

Nor do we agree with the view that the mere delivery of the certificate unindorsed was ineffectual to constitute a pledge, if the intentions of the parties be otherwise, and no rights of creditors of the pledgor are involved. While indorsement is essential for some purposes (*Leishing* v. *Van Buren*, 183 App. Div. 296, 298), its delivery, unindorsed, was sufficient to vest in the plaintiffs an equitable title as pledgee. (Thomp. Corp. [3d ed.] vol. 6, § 4218, p. 87; Pom. Eq. Juris. [4th ed.] vol. 3, §§ 1235–1237; 21 R. C. L. § 14, p. 649; *Hall* v. *Cayot*, 141 Cal. 13; *Reed* v. *Copeland*, 50 Conn. 472, 491; *Wilson* v. *Little*, 2 N. Y. 443, 447.) An intent on Berg's part to deliver the certificate as a pledge is fairly inferable, and nothing to show that the interests of third parties are affected is made to appear.

Our conclusion is that the complaint when iven every fair intendment to which it is entitled must be sustained. Whether the plaintiffs will be able to sustain its allegations is a matter with which we have no concern.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

MERRELL, McAVOY and SHERMAN, JJ., concur; FINCH, P. J., concurs in result.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.