JOHN D. MERKLE, Appellant, *v.* JAMES F. BEIDLEMAN et al., Respondents, Impleaded with Others.

EVIDENCE — DECLARATIONS BY MORTGAGEE, WHEN INADMISSIBLE AS AGAINST ASSIGNEE. While an assignee for value of a mortgage takes it subject to the equities existing between the original parties, they must be established by common-law evidence, and declarations of the assignor made prior to the assignment are inadmissible against the assignee to establish a defense to an action brought by him to foreclose the mortgage

*Merkle* v. *Beidleman*, 30 App. Div. 14, reversed.

(Argued October 23, 1900; decided November 27, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 31, 1898, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term, and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward G. Herendeen* for appellant. The declarations of the plaintiff's assignor were incompetent, were properly rejected by the court and no error was committed by such ruling. (*Page* v. *Cagwin,* 7 Hill, 361; *Fitch* v. *Chapman,* 10 Conn. 8; *Smith* v. *Webb,* 1 Barb. 230; *Booth* v. *Swezey,* 8 N. Y. 276; *Tousley* v. *Barry,* 16 N. Y. 497; *Foster* v. *Beals,* 21 N. Y. 249; *Von Sachs* v. *Kretz,* 72 N. Y. 548; *Truax* v. *Slater,* 86 N. Y. 632; *Vidvard* v. *Powers,* 34 Hun, 223; *Bush* v. *Roberts,* 111 N. Y. 283.) The declarations in question were not part of the *res gestæ* and cannot be

received as such. (86 N. Y. 630; 11 Am. & Eng. Ency. of Law [2d ed.], 523; *Flannery* v. *Van Tassel,* 127 N. Y. 632; *Smith* v. *Webb,* 1 Barb. 233.)

*Frederick Collin* for respondents. The testimony stating the declarations of Eliza Beidleman was admissible, and the trial court erred in striking it from the evidence. (*Hill* v. *Hoole,* 116 N. Y. 299; *Briggs* v. *Langford,* 107 N. Y. 680; *Holcomb* v. *Campbell,* 118 N. Y. 46; *Bennett* v. *Bates,* 94 N. Y. 354; *Kellogg* v. *Smith,* 26 N. Y. 18; *Ellis* v. *Horrman,* 90 N. Y. 466; *McDonald* v. *Wesendonck,* 30 Misc. Rep. 601; *Lyon* v. *Ricker,* 141 N. Y. 225; *Baird* v. *Baird,* 145 N. Y. 659; *Swan* v. *Morgan,* 88 Hun, 378.)

Bartlett, J. This action was brought to foreclose a mortgage dated March 4th, 1885, given by one of the defendants, James F. Beidleman, and his wife to Eliza Beidleman, to secure the payment of a bond in the sum of seven hundred dollars.

The mortgagee assigned this mortgage on the 20th of July, 1895, to the plaintiff, John D. Merkle.

Eliza Beidleman, the mortgagee, was a maiden lady and at the time of her death in November, 1895, was eighty-four years of age. She lived by herself on her farm until the last two or three years of her life, when an occasional sickness required some of her relatives to visit her frequently and at times remain with her for indefinite periods. It became evident in the summer of 1895 that her health was failing and she could no longer live alone.

The plaintiff testifies that in this condition of affairs he agreed to take her to his own home and care for her for the remainder of her days; he was to pay doctors' bills, furnish medicine and any help that was necessary to take care of her, pay funeral expenses and any debts that she might leave unpaid. In consideration of these and a small amount of money advanced for her account, she was to assign this bond and mortgage to him.

It was understood between them that this burden assumed by the plaintiff might extend over a long period of time and on the other hand it might prove, as was the case, a contract covering only a few months.

The mortgagor set up as a defense, in substance, that, by a verbal agreement between him and his aunt, the mortgagee, entered into in the summer of 1889, and prior to the assignment of the mortgage to the plaintiff, he was to render certain services to the mortgagee, in looking after her farm and general interests, and in consideration thereof she was to surrender to him the bond and mortgage in question as fully paid, satisfied and discharged.

No question is raised as to the bond and mortgage having been made for full consideration.

The mortgagee, Eliza Beidleman, died November 11th, 1895, and this action to foreclose the mortgage was instituted shortly thereafter.

At the trial the defendant sought to prove the oral declarations of the mortgagee to sustain his claim that she had agreed to surrender to him this bond and mortgage upon the conditions to which reference has already been made.

In the early part of the trial, the learned judge presiding refused to admit these declarations. Later, he opened the case after the evidence was closed and allowed the defendant to swear witnesses as to these declarations and the plaintiff to introduce his answering proofs. Still later, the trial judge again reconsidered his decision and struck out all the evidence relating to the declarations.

It was found that the assignment of the mortgage to the plaintiff was for a valuable consideration.

The defendants insist that this finding is unsupported by any evidence whatever. The record discloses evidence to support the finding.

The usual judgment in foreclosure was entered up, and the defendants appealed to the Appellate Division.

That learned court held the plaintiff was not a *bona fide* holder for value of the bond and mortgage, and reached the

conclusion that the declarations of the mortgagee sought to be proved by the defendants were improperly ruled out, reversed the judgment and ordered a new trial, one of the justices dissenting.

We are of opinion that the trial judge properly rejected the declarations of the mortgagee, under the established rule in this state, that the declarations of a vendor of chattels, or the assignor of a chose in action, made before he parted with his interest therein, are inadmissible against a vendee or an assignee for value.

The early history of the rule in this state shows some differences of opinion among the judges and text writers, but the weight of authority was even then in its favor.

In 1843 the Court of Errors in the case of *Paige* v. *Cagwin* (7 Hill, 361) gave the subject an exhaustive examination, Senator LOTT writing a learned and able opinion, in which he reviewed the cases of our own and other states as well as those in the English courts. This was the case of an action on a negotiable promissory note transferred for value after maturity.

The principal question was whether the declarations of the payee, while he was the holder of the note, were admissible against the plaintiff. The Supreme Court sustained the ruling of the trial judge rejecting the evidence, and the Court of Errors affirmed the judgment. Senator LOTT, after commenting upon the cases at length, said: "It may, I think, be laid down as a general proposition that the cases in which such evidence has been held admissible are those only where the declarations were made by a party really in interest, or by one through whom the plaintiff claimed as a party by representation, as in cases of bankruptcy, death and others of a similar character.

"When the rule is applicable there must, it is conceded, be an identity of interest between the assignor and assignee. That relation appears to be based on the fact that the rights of the assignor continue and are represented by the assignee. Where a person becomes a purchaser of a chose in action, or

a chattel, for a valuable consideration, his rights are independent of the assignor, and beyond his control."

After discussing other phases of the case, to which reference need not now be made, the learned senator closed his opinion with these words: "If the declarations of a prior holder of personal property are to affect the rights of a vendee or purchaser, for a valuable consideration, the tenure of it will be very precarious and uncertain. I prefer rather to abide by the old landmarks of the law as fixed and established by our Supreme Court. Their removal would greatly interfere with the enjoyment of property, and open the door to fraud and litigation. The rule is salutary in its tendency and the application of the doctrine of *stare decisis* in such a case as the present is imperiously demanded. In view of the whole subject, whether considered in reference to authority or principle, I am of opinion that the judgment of the Supreme Court should be affirmed."

The case of *Paige* v. *Cagwin* practically closed the judicial discussion in this state as to the propriety of the rule, and it has since then been followed in many cases involving the transfer of commercial paper, the assignment of mortgages and other transactions where the question was presented.

A few of these cases are the following: *Smith* v. *Webb* (1 Barb. 230); *Booth* v. *Swezey* (8 N. Y. 276, 279); *Tousley* v. *Barry* (16 N. Y. 497, 500); *Foster* v. *Beals* (21 N. Y. 247); *Flannery* v. *Van Tassel* (127 N. Y. 631); *Dodge* v. *Freedman's Savings & Trust Co.* (93 U. S. 379, 382).

The learned Appellate Division referred to the fact, frequently adverted to in other cases, that we have in this state two apparently inconsistent rules.

In cases relating to real property, declarations of the character now under consideration are admitted, while they are rejected when a chattel or chose in action is involved.

The learned judge writing the opinion suggests that "it is desirable that the same principle shall be applied in both classes of cases."

The answer to this criticism is that these rules, differing as

4

to real estate and personal property, have long existed in the jurisprudence of this state and become rules of property and of evidence which ought not to be changed at this late day.

Senator LOTT made answer to this criticism in his opinion in *Paige* v. *Cagwin* (7 Hill, at page 380): "I admit there is no solid distinction in principle between the cases referred to by the learned judge; but I by no means admit that the rule as applicable to personal estate should be altered. On the contrary, it appears to be an anomaly in our law if, by the rules of evidence, titles to real estate can be made to depend on the mere declaration of a prior owner, when every contract for the sale of land is required to be in writing, and title can only be conveyed by deed. There would in my judgment be much more propriety in excluding such declarations as affecting real estate than in admitting them as to personal property. But I do not concede that such declarations are now admissible to affect the title to lands, although they may be admitted to explain the character of a possession."

The reasons for adhering to the rule, as applicable to personal property, have multiplied with the lapse of time, and any change would tend to unsettle the law and violate the doctrine of *stare decisis*.

The plaintiff is the assignee of this mortgage for a valuable consideration, and, while he takes it subject to the equities existing between the original parties, they must be established by common-law evidence.

The declarations of the mortgagee being stricken from the record, the defendant James F. Beidleman has failed to prove his case.

The trial judge said in his final memorandum: "I have examined the evidence with great care, and am unable to find, apart from the declarations, which I hold here to be incompetent, evidence sufficient to establish the contract for which the defendant contends."

He then allowed the defendant James F. Beidleman, for his work on the mortgagee's farm, an amount equal to the unpaid interest on the mortgage, and directed judgment in

plaintiff's favor for the principal sum, with interest from the time action was commenced.

A proper disposition of this case was made at the trial.

The judgment of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs to the plaintiff and appellant in all the courts.

Parker, Ch. J., Gray, Martin, Vann, Cullen and Werner, JJ., concur.

Judgment reversed, etc.