tion of the courts of that state, could not give the courts of that state jurisdiction over this plaintiff, who was asserting a cause of action against the defendant in hostility to the claim of the executors of the insured, who were prosecuting the claim against the defendant in the state of Vermont. The plaintiff, a citizen of this state, has a valid cause of action against the defendant, a Wisconsin corporation. The court of this state has acquired jurisdiction over the defendant corporation, who has appeared in this action. Upon the conceded facts the plaintiff is entitled to a judgment; but it is claimed that the plaintiff is to be denied relief in the courts of this state because the defendant had been forced to pay the claim to a third party under the judgment of another state. As, however, the Court of Appeals seems to have determined that an answer alleging a recovery of this judgment in the state of Vermont is a good and sufficient defense to this action, although no reason is assigned for this decision, which was adopted by this court, I suppose this court is bound by that determination, and I therefore concur in a reversal of the judgment.

---

## BURNS v. NEW YORK & L. I. TRACTION CO.

(Supreme Court, Appellate Division, Second Department. June 10, 1910.)

1. STREET RAILROADS (§ 117*)—INJURIES TO TRAVELERS—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

In an action for injuries to a traveler in collision with a street car approaching him from the front, while he was endeavoring to avoid a manhole in the street and pass an obstructing wagon, whether he was negligent *held* for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*]

2. STREET RAILROADS (§ 98*)—INJURIES TO TRAVELERS—CARE REQUIRED.

A traveler on a city street was entitled to watch the way in front of him and avoid manholes in the street and their covers in passing an obstructing team, and when he was confronted by a car approaching in front at a speed violating the ordinances of the city he was not bound to clear the track under all circumstances, but was only required to exercise reasonable care.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 204–208; Dec. Dig. § 98.*]

3. APPEAL AND ERROR (§ 1175*)—REVIEW—REVERSAL—DISPOSITION OF CAUSE.

Where, in an action for injuries to a traveler in collision with a street car, the court reserved decision on a motion to dismiss until after the jury had passed on the issues, and when the jury reported a verdict for plaintiff the court dismissed the complaint, the determination was the same as though the motion had been granted when made; and hence the Appellate Division, on reversal, will not reinstate the verdict, but will remand the cause for a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

4. TRIAL (§ 165*)—MOTION FOR NONSUIT—RESERVATION UNTIL AFTER VERDICT.

The practice of reserving decision on a motion for nonsuit until after the rendition of a general verdict for plaintiff is improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 373, 374; Dec. Dig. § 165.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Queens County.

Action by John T. Burns against the New York & Long Island Traction Company. From a judgment dismissing the complaint, and from an order of dismissal, plaintiff appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, BURR, THOMAS, and CARR, JJ.

M. Spencer Bevins, for appellant.

L. E. Quigg (Bayard H. Ames and Walter Henry Wood, on the brief), for respondent.

WOODWARD, J. This is an action to recover for personal injuries. The plaintiff was driving on Fulton street, in the direction of Jamaica, on the 4th day of December, 1907. As he neared Candace avenue he found himself in the rear of a farm wagon which was driving along the west-bound track of the defendant's double-track surface railroad, so near the curb line that it was difficult, if not impossible, to pass between the wagon and the curb. At least there was evidence from which the jury might have so found in reaching a verdict. The testimony of the plaintiff, supported by other witnesses, was to the effect that he desired to drive faster than the farm wagon; that he was going at the rate of 7 or 8 miles an hour, and turned in on the left-hand side of the farm wagon, and onto the east-bound track of the defendant's railroad, for the purpose of passing the wagon, intending to return to the west-bound track. He had passed the farm wagon and started to turn back into the right-hand side of the roadway when he encountered a manhole between the tracks, and to avoid this he returned to the east-bound track, or near it, and had just avoided the obstruction when he was confronted with the headlight of the defendant's car coming around a sharp curve less than 200 feet away, and running at the rate of 20 miles an hour, in violation of a city ordinance and without ringing a gong or blowing a whistle. In this situation the plaintiff testified that he attempted to increase the speed of his horse, in an effort to get back onto the west-bound track, but before he succeeded in reaching a point of safety the defendant's car collided with his rear wheel, wrecking the carriage, and producing the injuries for which he now seeks recovery. The learned justice presiding reserved decision upon the defendant's motion to dismiss on the ground of contributory negligence, but after the jury returned a verdict for $2,500 in favor of the plaintiff the motion to dismiss the complaint was granted, and from the judgment and order entered the plaintiff appeals to this court.

We are of the opinion that the evidence in this case demanded that the question of the plaintiff's contributory negligence should be submitted to the jury. The accident occurred about 9 o'clock in the evening. The plaintiff had a right to drive upon the defendant's tracks, using reasonable care to preserve to the defendant its paramount use of the highway within the limits of its right of way, and when he turned out to go around the farm wagon he had a right to rely upon the defendant operating its car in a lawful manner and with due regard to the rights of other persons lawfully upon the streets. The

plaintiff, as a prudent driver, had a perfect right to watch the way in front of him, and to avoid manholes and their covers, and when he was confronted by this rapidly moving car, approaching in violation of the ordinances of the city, he was called upon to exercise only reasonable care. He was not bound to clear the track under all circumstances. He was simply called upon to exercise reasonable care. His horse, he says, was going at the rate of 7 or 8 miles an hour—about twice as fast as a man can walk—and he tried to accelerate this speed and to get out of the way. He was exercising some degree of care in his driving, assuming that the plaintiff testified truly, and the mere fact that he did not exercise sufficient care to absolutely clear the defendant's track before an oncoming car is not conclusive against him. The jury were to determine what a reasonably prudent man, in the presence of the negligence of the defendant, was called upon to do, and it was not for the court to determine this question as one of law.

We are of the opinion, however, that this case is not one where we are called upon to restore the verdict of the jury. The learned court reserved decision upon the motion to dismiss until after the jury had passed upon the issues presented; but, when the jury reported a verdict for $2,500, the court acted upon the reserved motion and dismissed the complaint, thus taking the question away from the jury. The effect was exactly the same as though the motion had been granted at the time it was made, and before the case went to the jury at all. It was pointed out by this court, Mr. Justice Burr writing, in the recent case of Russell v. Rhinehart (decided April 22, 1910, not yet officially reported) 122 N. Y. Supp. 539, that the practice of reserving decision upon a motion for a nonsuit and then taking a general verdict from the jury is not only unauthorized by the Code, but is in some respects unfair, since, if the motion is ultimately granted, and the appellate court is of the opinion that it ought not to have been, the defendant is then put in a position where he is deprived of the action of the trial court upon a motion for a new trial on the ground that the verdict is against the weight of evidence, a motion which, as we have heretofore pointed out, is one which the justice presiding at the trial is peculiarly fitted to pass upon. The verdict of the jury in this case having been a general one, and the motion reserved by the court having been finally granted, we are of the opinion that the reasoning of Mr. Justice Burr in the case cited above is conclusive here, and that there is nothing to be done except to reverse the judgment and order, and direct a new trial.

The judgment, and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.