FRANCES GUMBRELL, an Infant, by HARRY GUMBRELL, Her Guardian ad Litem, Appellant, *v.* CLAUSEN-FLANAGAN BREWERY, Respondent.

Second Department, February 3, 1922.

Motor vehicles — plaintiff injured by electric motor truck, left standing unattended in street, which was started by children — failure to turn off switch and knowledge of propensity of children in immediate neighborhood to get upon truck — error to grant nonsuit — appeal — verdict not reinstated on reversal of order setting aside verdict for plaintiff and granting nonsuit on merits — new trial granted.

In an action to recover damages for injuries received by the plaintiff caused by defendant's automobile truck running over her, it was improper for the court to dismiss the complaint at the close of the entire case, where the jury could have found that the defendant's chauffeur left the truck, which was an electric one, standing in the street while he entered a house to deliver some goods; that as he left the truck he asked one of several little girls on the street to " mind the automobile; " that he did not remove or take away with him the key to the electric switch, the removal of which would have prevented the application of power; that during his absence one of the children playing about the truck got upon the seat and pulled a lever, which started the truck in motion, and that on prior occasions when the same truck and chauffeur made deliveries in the same neighborhood there were many children about the street and that

on some occasions children boarded the car in the absence of the chauffeur and ran therefrom as the chauffeur reappeared; the facts stated, if found by a jury, are sufficient to impute negligence to the defendant.

The trial court having reserved decision on defendant's motion for non-suit and having, after the jury returned a verdict in favor of the plaintiff, granted defendant's motion setting aside the verdict and dismissing the complaint upon the merits, the verdict cannot be reinstated by the Appellate Division and judgment entered thereon, but a new trial must be granted.

APPEAL by the plaintiff, Frances Gumbrell, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Queens on the 21st day of June, 1921, upon the dismissal of the complaint upon the merits at the end of the entire case, and also from an order entered in said clerk's office on the 14th day of June, 1921, granting defendant's motion to set aside the verdict of a jury in favor of the plaintiff and dismissing the complaint upon the merits.

The trial court reserved decision on the motion for nonsuit, sent the case to the jury, and after verdict rendered in favor of the plaintiff the court granted the defendant's motion to dismiss the complaint.

The order appealed from in part is as follows: " and the defendant having moved at the close of the entire case for a dismissal of the complaint upon the merits, and the trial justice having by consent of the parties reserved decision upon said motion until the coming in of the verdict and then to be passed upon with the same force and effect as if it had been passed upon when made, and the jury having rendered a verdict in favor of the plaintiff and against the defendant for the sum of Ten thousand Dollars," etc., ordered that plaintiff's complaint be dismissed upon the merits.

*Townsend Scudder* [*George Morton Levy* and *Abraham M. Fisch* with him on the brief], for the appellant.

*Grant C. Fox,* for the respondent.

KELBY, J.:

The action was to recover damages for personal injuries alleged to have been caused solely by the negligence of the

defendant.    As there has been a nonsuit, the plaintiff is entitled to the most favorable findings of fact or inferences therefrom that may be made from the evidence in the record. The facts are as follows:

On the 31st day of July, 1920, the plaintiff was wheeling a baby carriage along the sidewalk on the westerly side of Washington street near Perry street in the city and county of New York.    The defendant owned a five-ton Lansden electric truck.    On the day in question the defendant's chauffeur had driven the truck and stopped the same on the westerly side of Washington street and a short distance away from the northwesterly corner of said street and Perry street.    On leaving the truck for the purpose of delivering some of the defendant's beer to a customer nearby, the defendant's chauffeur asked one of several little girls on the street to "mind the automobile."    The chauffeur then disappeared into a house for the purpose of delivering the beer.    Four children then boarded the truck.    At the point where the truck was thus left standing, the grade on Washington street was a one per cent grade, that is, one foot in one hundred feet, the grade being downward in the direction in which the truck was facing, toward the south.    One of the little boys who boarded the car sat in the driver's seat on the left-hand side of the car, and he testified that he pulled a little handle below the steering wheel; that he pulled it backward and at the same time the car started forward.    The infant plaintiff at that time was standing alongside of her baby carriage, with one hand on the floor of the front platform of the car, and leaning against it.    When it started she was caused to fall so that one of her feet was run over by the wheels of the truck, causing serious injuries to the foot and fracturing four ribs on the left side.    The truck proceeded for a distance of about fifty feet, when a man boarded it and did something to cause it to stop against the southerly curb of Perry street.    There was also evidence in the case from which the jury might infer that the truck could not have been started from a position of rest without the application of power, and that the application of power in question was made by the little boy who pulled the controller, thus turning on the current and causing the car to be driven forward.    It may also be inferred from the evidence that the chauffeur, when

he left the car, did not remove or take away with him the key to the electric switch which regulates the flow of current from the battery to the controller and the removal of which would have prevented the application of power. In other words, that the truck was left so that the only thing necessary to start it was a slight movement of the controller. It further appeared that on prior occasions on Saturday mornings when this truck made deliveries in this particular neighborhood, there were many children about the street, and that on some occasions children boarded the car in the absence of the chauffeur, and ran therefrom as the chauffeur reappeared and approached the truck.

The trial judge dismissed the complaint on the ground that " The proximate cause of the injury to the plaintiff was the setting in motion of the automobile truck by the willful and negligent act of a third person after the defendant's chauffeur had taken the ordinary precaution of securing it by the appliances with which it was equipped," citing *Lazarowitz* v. *Levy* (194 App. Div. 400).

The instant case is most similar in its facts to a recent case decided by the Appellate Division in the First Department, namely, that of *Albano* v. *Tapley & Co., Inc.* (199 App. Div. 916). In that case the plaintiff obtained a verdict at Trial Term and the Appellate Division in the First Department affirmed the judgment, two judges dissenting on the ground that in their opinion the verdict as to the defendant's negligence was against the weight of evidence. In the *Albano* case it appeared that the infant plaintiff, while on the sidewalk of West Forty-first street, was struck by the defendant's electric truck which had been left unattended by the defendant's chauffeur in front of premises 505 West Forty-first street, and had thereafter been started into motion by children. The truck was operated by a switch situated under the driver's seat. To start the truck, a switch key was inserted through the opening at the heel board and the key raised in an upright position. It was proven as a fact in that case, as in this case, that if the key is taken out of the switch the power is thrown off and the machine rendered motionless. It also there appeared that if the machine was stopped and the key left in the switch in the running position, all that was needed to start the car was to push

the speed lever located to the left of the chauffeur's seat. In the *Albano* case, however, there was affirmative evidence which expressly stated that the key had been left in the car by the chauffeur, although the chauffeur in that case affirmed with equal positiveness that he had removed the key and placed it in his pocket. Evidence of children having played about the car on prior occasions also appeared in that record. There is no material difference between the facts of that case and those in the case at bar. The court has thus held that when children on prior occasions openly played on the car or about the car and the chauffeur left the car in a position of rest and neglected to take the switch key out of the switch, that fact if found by a jury is sufficient to impute negligence to the defendant. The case of *Lee* v. *Van Buren & N. Y. Bill Posting Co.* (190 App. Div. 742) is authority for the holding that a defendant is guilty of negligence who leaves unattended in the street for a considerable length of time an electric truck equipped with a switch which, if thrown off, would make the engine absolutely dead, and neglects to throw the switch off; and coupled with the fact that there was a lever upon the steering wheel of the truck which, on being moved, would start the truck, and with the further fact that children customarily played about the truck. It is true that an inspection of the truck in the *Lee* case, immediately after the accident, showed that this switch was on and that the brakes were worn and defective, but the defective brakes were only an additional ground of negligence.

On the authority of these two cases, there were enough facts to submit the questions of the negligence of the defendant and of the absence of contributory negligence of the plaintiff to the jury, and the court was, therefore, in error in granting the defendant's motion to dismiss the complaint at the end of the entire case.

In the case of *Lazarowitz* v. *Levy* (194 App. Div. 400), relied upon by the learned trial justice, there was no express evidence that any of the children there present did anything to start the automobile, or that they could have started it, if the power was shut off and the switch key removed and the brakes set, as defendant in that case testified. The sole charge of negligence in that case was that defendant had carelessly left the

automobile standing in the street, without a guard or watch, in such manner that it could run away, and had failed to maintain a guard or watch to prevent it from running away. As pointed out in that case, the facts were quite different from those in *Lee* v. *Van Buren & N. Y. Bill Posting Co. (supra).*

One other question remains in this case, and that is, whether upon reversal of the order appealed from the plaintiff is entitled to have the verdict of the jury reinstated. By reason of the course adopted at the trial, the defendant has made no motion to set aside the jury's verdict as against the weight of the evidence, or that the damages were excessive. If this court directs a reinstatement of the jury's verdict and a judgment is entered thereupon, an appeal from such final judgment to this court brings up nothing for review. (*Logan* v. *Guggenheim,* 230 N. Y. 19.) The entry of such a final judgment is merely clerical. This court could not review a judgment existing by reason of its own decision and order. And if the defendant appealed to the Court of Appeals from such order of reversal and the judgment to be entered by direction of this court herein, the defendant could not be heard in that court on the question of the weight of evidence or the amount of damages.

In addition to the foregoing, this court has expressly held, under exactly similar facts, that the verdict cannot be reinstated, but that a new trial must be granted. (*Burns* v. *New York & Long Island Traction Co.,* 139 App. Div. 145.)

The order of nonsuit should be reversed, and the judgment entered thereon also reversed, and a new trial granted, with costs to the appellant to abide the event.

BLACKMAR, P. J., RICH, KELLY and YOUNG, JJ., concur.

Judgment and order reversed and new trial granted, with costs to appellant to abide the event.