FRANK SUCHY, Appellant, *v.* FRANK B. FRANKENBERG and AMERI-
CAN CAP FRONTS MANUFACTURING Co., Respondents.

First Department, June 11, 1937.

350

*Philip Bramnick*, for the appellant.

*Milton H. Goldstricker*, for the respondent Frankenberg.

*Max Shlivek* of counsel [*Saul S. Brin* with him on the brief; *Lind, Shlivek, Marks & Brin*, attorneys], for the respondent American Cap Fronts Manufacturing Co.

UNTERMYER, J. The plaintiff appeals upon a record which does not include the evidence at the trial but consists only of the pleadings, together with amendments, proposed findings of fact and conclusions of law, the written decision of the trial justice containing his findings of fact and conclusions of law, and his opinions. On this record the appellant raises only questions of law, contending that the findings of fact do not sustain the conclusions of law. This he has the right to do by section 575 of the Civil Practice Act, which provides that " it is not necessary to make a case where a

party intends to appeal from a judgment entered upon a referee's report, or a decision of the court upon a trial without a jury, and to rely only upon exceptions to rulings upon questions of law made after the cause is finally submitted." Limiting ourselves, therefore, in the disposition of the particular question presented by their appeal, to the facts thus disclosed, the following appears.

On April 8, 1929, the defendant Frankenberg, then the owner of 750 shares of stock of the defendant American Cap Fronts Manufacturing Co., a New York corporation, delivered to the plaintiff five certificates, each for fifty shares of stock, as security for an indebtedness of $4,000, evidenced by two promissory notes, each for $2,000, and dated respectively March 21 and April 8, 1929. The certificates were not indorsed by Frankenberg nor was any assignment or separate power of attorney delivered to the plaintiff for the certificates. Accordingly, after the transaction, precisely as before, Frankenberg remained the record holder of 750 shares of stock.

On October 16, 1929, Frankenberg entered into a written agreement with the corporate defendant for the purchase by it out of its surplus of the 750 shares of stock of which he was the holder of record, the price to be paid to be determined by arbitration. The arbitration eventually resulted in a finding that the value of the stock and the price to be paid was eighteen dollars per share. At the time of closing Frankenberg was able, of course, only to produce certificates representing 500 shares of stock. To explain the discrepancy he fraudulently represented to the corporation that he had lost the five certificates representing the remaining 250 shares. The corporation, believing the explanation, agreed to pay the purchase price for the 750 shares upon receiving a bond against liability to any other person who might assert a claim to the ownership of the five certificates which Frankenberg represented to be lost. Frankenberg subsequently furnished such a bond of the National Surety Company, whereupon the corporate defendant, in good faith and without knowledge of the hypothecation by Frankenberg to the plaintiff of the same shares, paid the full purchase price.

After several payments on account of his indebtedness to the plaintiff, Frankenberg defaulted on his notes. The plaintiff secured judgments for the aggregate sum of $3,732.44, upon which Frankenberg paid $450. He then filed a voluntary petition in bankruptcy and was eventually discharged from liability to the plaintiff on the judgments. The National Surety Company, the surety on the bond delivered by Frankenberg to the corporate defendant, later became insolvent and was taken over by the

Superintendent of Insurance. Every attempt on the part of the corporation to file a claim on its bond in the liquidation proceedings has failed. The question now to be decided is which of these two innocent parties — the plaintiff or the defendant corporation — must suffer the loss occasioned by Frankenberg's fraud.

We think the loss must fall on the corporate defendant. By hypothecation to him of the certificates, though unindorsed, the plaintiff acquired an equitable lien (*Dunscombe* v. *Crocker-Wheeler Electric Mfg. Co.*, 232 App. Div. 137), which entitled him to require Frankenberg to complete the transfer by making the indorsement (Pers. Prop. Law, § 170). By the later transaction with the corporate defendant, in which Frankenberg did not deliver the certificates, the corporation acquired only an equitable interest in the shares. The legal title remained at all times in Frankenberg since it had not been transferred either to the plaintiff or to the corporate defendant in the only manner in which the statute (Pers. Prop. Law, § 162) provides that it may be done. The plaintiff did not acquire the legal title because he failed to secure indorsement of the certificates; the corporation did not acquire legal title because it failed to secure delivery of the certificates properly indorsed.

In the presence of such conflicting equities the rule of law is settled that " the one that is prior in time is superior in right " (CULLEN, J., in *Central Trust Co.* v. *West India Imp. Co.*, 169 N. Y. 314, 323). The case cited involved a contest between two assignees of certain mortgage bonds which the corporation was under contract to issue, neither of whom had notice of the transaction with the other. It was held that the plaintiff, who first acquired the equitable interest in the bonds, was entitled to succeed, notwithstanding that the bonds had thereafter been delivered to the subsequent assignee without notice of the earlier assignment. In support of its conclusion the court cited *Bush* v. *Lathrop* (22 N. Y. 535); *Williams* v. *Ingersoll* (89 id. 508); *Owen* v. *Evans* (134 id. 514); *Stevenson Brewing Co.* v. *Iba* (155 id. 224); *Niles* v. *Mathusa* (162 id. 546), all of which it seems to us are decisive of this case.

A further question arises concerning the relief to be applied. In the complaint the plaintiff demanded that Frankenberg be required to indorse the certificates; that the corporate defendant be required to issue certificates to the plaintiff for these shares of stock; that the interest of Frankenberg be foreclosed by the sale of the stock to satisfy Frankenberg's indebtedness to the plaintiff, and that the surplus be paid either to Frankenberg or to such other party as the court might direct. The complaint was thereafter amended to demand the alternative relief of damages for conversion

of the stock both by Frankenberg and by the corporate defendant. An action for conversion could not, however, be maintained by the plaintiff, who was entitled only to an equitable interest in the shares, enforcible against Frankenberg, the holder of the legal title, and against the corporation which had refused to recognize these equitable rights. (*McCoy* v. *American Express Co.*, 253 N. Y. 477.) The utmost the plaintiff can demand is the enforcement of that equitable lien.

It may be that on this appeal we might direct a final judgment which would give effect to the plaintiff's equitable rights as revealed by the findings of fact made by the justice at Special Term. However, not only from his opinion but from statements of counsel, it is disclosed that other defenses were litigated concerning which the trial justice declined to express himself in the findings of fact and conclusions of law, believing this to be unnecessary in view of his conclusions that, on the undisputed facts, the plaintiff was not entitled to recover. Consequently, upon the present record, it is impossible to decide whether any of these defenses were sustained. We think that, although the judgment appealed from must be reversed, substantial justice requires that the matter be remitted to the justice at Special Term by whom the case was heard, to decide any other issues that were litigated at the trial. (Civ. Prac. Act, § 584.) Such, in effect, was the action of this court in *Mutzenbecher* v. *Ballard* (decided April 25, 1934).

The judgment should be reversed, with costs to the appellant, and the matter remitted to the court at Special Term to make further findings of fact and conclusions of law, and to determine the questions raised by the defenses not passed upon by the trial court, upon which a judgment disposing of all the issues may be entered.

Martin, P. J., O'Malley, Townley and Glennon, JJ., concur.

Judgment unanimously reversed, with costs, and the matter remitted to the court at Special Term to make further findings of fact and conclusions of law, and to determine the questions raised by the defenses not passed upon by the trial court, upon which a judgment disposing of all the issues may be entered. Settle order on notice.