JOSEPH E. GLASS, Appellant, Respondent, *v.* SPRINGFIELD L. I. CEMETERY SOCIETY, Respondent, Appellant.

First Department, October 29, 1937.

*Charles S. Lubin* of counsel [*Joseph Ellis Glass* with him on the brief], for the plaintiff, appellant, respondent.

*Edward W. Stitt, Jr.*, of counsel [*Daniel Day Walton* and *Joseph L. Frascona* with him on the brief; *Walton, Bannister & Stitt*, attorneys], for the defendant, respondent, appellant.

UNTERMYER, J. The plaintiff, claiming to be the owner of a certificate of indebtedness for $1,500 of the defendant, maturing on July 1, 1935, instituted this action to require the defendant to issue a new certificate in the plaintiff's name and to account to him for the amount due thereon. The defendant contested the plaintiff's title to the certificate and asserted that it was not liable to the plaintiff by reason of certain transactions soon to be considered. The Special Term sustained the plaintiff's title and directed an accounting by the defendant before a referee. In the interlocutory judgment directing the accounting it was provided, however, that if the plaintiff was found not to be entitled to more than $577.50, the expenses of the reference should be paid by him, but if more than $577.50 was found to be due, these expenses should be paid by the defendant. The court further directed, as a condition of the accounting, that the plaintiff furnish a bond of $1,000 to secure payment of the expenses of the reference. The defendant appeals from so much of the judgment as sustains the plaintiff's title to

the certificate and directs an accounting. The plaintiff appeals from so much of the judgment as imposes these conditions.

The facts are not disputed. On July 1, 1910, the defendant issued to Thomas Gilleran, since deceased, its certificate of indebtedness for $1,500 out of a total issue of $3,200,000. On May 9, 1911, Gilleran assigned the certificate to one Herman Weiss, to whom, however, no new certificate was issued. On November 27, 1918, in connection with the settlement of certain litigation involving the defendant's cemetery, Gilleran, though no longer the owner of the certificate, executed an agreement with one Thomas E. Colby, which, after representing that the whereabouts of the certificate was unknown to him, provided that " if it should transpire that the said certificate or certificates of indebtedness is in the possession or under the control of the said Thomas Gilleran, he further agrees that he will deliver the said certificate or certificates or cause it or them to be delivered, duly endorsed in blank, to the said Thomas E. Colby." At the same time Gilleran executed to Colby an assignment of all his right, title and interest in the certificate and general releases both to the defendant and to Colby. In 1926 Weiss reassigned the certificate to Gilleran. Thereafter, on November 19, 1926, the plaintiff purchased the certificate from Gilleran for $500, receiving therewith the assignment from Weiss to Gilleran together with an assignment from Gilleran to the plaintiff. Subsequently, when the plaintiff tendered the certificate to be transferred into his name, the defendant refused to recognize his title. The refusal was eventually followed by this suit.

The certificate of indebtedness was a non-negotiable instrument. (*American Exchange National Bank* v. *Woodlawn Cemetery*, 194 N. Y. 116.) None the less we agree with the Special Term that the plaintiff's legal title, though acquired in 1926, must prevail over the rights acquired by Colby and the defendant cemetery in 1918. When, in 1918, Gilleran executed the contract with Colby and the assignment to him, he was not the owner of the certificate which, more than seven years before, he had transferred by assignment to Weiss. For that reason the assignment to Colby was ineffective to convey the legal title, though, as between Gilleran and Colby or the defendant, it operated in equity as a contract to assign which would take effect whenever the certificate came into the ownership of the assignor. (*Kribbs* v. *Alford*, 120 N. Y. 519; *Fairbanks* v. *Sargent*, 104 id. 108; 117 id. 320; *Fortunato* v. *Patten*, 147 id. 277.) If the plaintiff thereafter had acquired merely an equitable interest in the certificate his rights would have been subordinate to latent equities at that time existing in favor of

Colby or the defendant. (*Suchy* v. *Frankenberg*, 251 App. Div. 349.) The same would be true if, after a subordinate equitable interest had been acquired by the plaintiff, the legal title had been transferred to him without a new consideration. (*Central Trust Co.* v. *West India Imp. Co.*, 169 N. Y. 314.) But where, without notice of infirmity, the plaintiff became a purchaser for value, his legal title was superior to equitable rights previously created in favor of third parties. (*Rochester Distilling Co.* v. *Rasey*, 142 N. Y. 570; 2 Pomeroy's Equity Jurisprudence, § 712, and cases cited.) To such a case the maxim applies that " where there is equal equity, the law must prevail." (1 Pomeroy's Equity Jurisprudence, §§ 416, 417.)

The plaintiff's only remeay is by a suit for an accounting. (*Sullivan* v. *Mt. Carmel Cemetery Assn.*, 244 N. Y. 294.) We think there is no warrant in a proceeding of that character for the conditions which the Special Term imposed, even if we assume — though the record does not disclose the fact — that the plaintiff offered to pay $577.50. The defendant's duty is not merely to pay what may be due; it is to account first and then to pay (*Haight* v. *Haight & Freese Co.*, 112 App. Div. 475), for without an accounting the plaintiff cannot know the extent of the defendant's liability to him. The plaintiff's right to an accounting, therefore, could not be limited by the tender of a specified sum, nor should it be frustrated by requiring him to furnish a bond. In saying this we do not express any opinion on the question of costs, which, since the parties are in equity, are to some extent discretionary but should await the final determination of the action.

The judgment to the extent appealed from by the derendant should be affirmed, and the judgment to the extent appealed from by the plaintiff reversed, with costs to the plaintiff.

MARTIN, P. J., GLENNON, DORE and CALLAHAN, JJ., concur.

Judgment, to the extent appealed from by the defendant, unanimously affirmed, and said judgment, to the extent appealed from by the plaintiff, reversed, with costs to the plaintiff. Settle order on notice. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.