STATE FACTORS CORPORATION, Appellant, *v.* SALES FACTORS CORPORATION, Respondent.

First Department, May 19, 1939.

*Marcy Finkelstein* of counsel [*Finkelstein & Jacobs*, attorneys], for the appellant.

*Leo Guzik* of counsel [*Abraham A. Wedeen* with him on the brief, attorney], for the respondent.

UNTERMYER, J.   In 1937 Lerner Bros., a partnership engaged in the business of manufacturing fur coats, found it necessary to factor their accounts receivable. For that purpose, on April 30, 1937, they entered into a factoring contract with the defendant under which the defendant agreed to purchase " without recourse," and Lerner Bros. agreed to assign to the defendant, all accounts receivable, subject to the right of the defendant to approve the credit of any account. Upon such assignment the defendant agreed to pay eighty per cent of the face amount of the invoices. The agreement further required that all such invoices to customers of Lerner Bros. bear a printed indorsement that the account had been assigned and that the billing on such invoices, by whomever done, should operate as an assignment to the defendant.

On September 8, 1937, Lerner Bros. also entered into a contract with the plaintiff by which all such accounts receivable as might be approved by the plaintiff were agreed to be assigned to the plaintiff " as the same are created " against advances of seventy per cent of the face amount of the assigned accounts. The plaintiff was accorded the right, presumably for its own protection, but was not required, to give notice of the assignment to customers of Lerner Bros., which right, however, the plaintiff did not exercise. The contract provided that any remittance paid to Lerner Bros. on an assigned account should be held in trust and immediately delivered to the plaintiff in the identical form in which it was received.

On September 8, 11, 14, 16, 20 and 21, 1937, Lerner Bros. delivered written assignments of certain accounts receivable to the plaintiff together with supporting documents and received payments in accordance with the contract of September 8, 1937. Thereafter, and in each instance subsequent to delivery of the assignments to the plaintiff, Lerner Bros. executed assignments of the same accounts to the defendant and received payments from the defendant in accordance with the contract of April 30, 1937. With these assignments were delivered to the defendant and mailed to the respective purchasers, invoices bearing an indorsement of the

assignment of the account to the defendant. Payment of the accounts was, therefore, made to the defendant notwithstanding the plaintiff's assignments, of which the purchasers of merchandise from Lerner Bros. do not appear to have been aware. The Special Term has found upon sufficient evidence that neither plaintiff nor defendant was aware of the transactions between Lerner Bros. and the other.

The present action is not concerned with the rights of purchasers of merchandise from Lerner Bros., who no doubt were protected in making payment to the defendant under the only assignment of which notice was given. Failure of the plaintiff to give such notice, however, would not affect its right to recover from the defendant if the accounts which were collected were the plaintiff's property. (*Salem Trust Co.* v. *Manufacturers' Finance Co.*, 264 U. S. 182.) It is upon this theory that the action is maintained to require the defendant to account for payments received on debts which, it is claimed, had previously been assigned to the plaintiff.

The question thus presented is which of these two innocent parties shall suffer the loss occasioned by the fraud of Lerner Bros. We think upon the conceded facts the plaintiff is entitled to prevail. If we assume, notwithstanding the plaintiff's contention to the contrary, that the defendant's contract is supported by a sufficient consideration, it entitled the defendant to an assignment of all accounts thereafter to be created. Legal title did not thereby pass to the defendant until further action on the part of Lerner Bros. manifesting such a purpose after accounts had been created by the sale of merchandise. (*Rochester Distilling Co.* v. *Rasey*, 142 N. Y. 570.) The contract only created equitable rights (*Stephenson* v. *Go-Gas Co.*, 268 N. Y. 372) enforcible against Lerner Bros. or any assignee of Lerner Bros. having notice thereof. (*Hinkle Iron Co.* v. *Kohn*, 229 N. Y. 179.) Those equities might also prevail if the plaintiff, though without notice, had acquired the accounts without payment of a new consideration. (*Central Trust Co.* v. *West India Imp. Co.*, 169 N. Y. 314; *Suchy* v. *Frankenberg*, 251 App. Div. 349.) But where, as here occurred, the plaintiff acquired legal title to the accounts without knowledge of infirmity and upon payment of a new consideration, it occupied the position of a purchaser for value without notice, whose legal title is superior both to the defendant's earlier equitable rights under the contract of April 30, 1937 (*Glass* v. *Springfield L. I. Cemetery Society*, 252 App. Div. 319; leave to appeal denied, 276 N. Y. 687) and to subsequent assignments. (*Fortunato* v. *Patten*, 147 N. Y. 277; *Fairbanks* v. *Sargent*, 104 id. 108.)

The judgment should be reversed, with costs, and judgment directed in favor of the plaintiff for the relief demanded in the complaint, with costs.

MARTIN, P. J., O'MALLEY, GLENNON and DORE, JJ., concur.

Judgment unanimously reversed, with costs, and judgment directed in favor of plaintiff for the relief demanded in the complaint, with costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved on the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.