Per Curiam.

The defendant moved for a nonsuit at the close of the plaintiff’s case and renewed the same at the close of all the evidence. Decision of this motion was reserved by the trial court and the case was sent to the jury for a general verdict upon the issues. After the jury returned a verdict in favor of the plaintiff, the trial court granted the nonsuit motion upon the narrow ground that the plaintiff had failed to comply with the terms of the policy in the submission to the defendant of due proof that he was totally and permanently disabled. That was the only question decided by the trial court and is the only one before us on this appeal.
Concededly the plaintiff filed due proof in June, 1934, that he was totally and permanently disabled. The defendant paid the disability benefits from that time until about May, 1939, when it took the position that the plaintiff was no longer permanently and totally disabled and that the plaintiff should resume payment of premiums under the policios. The plaintiff from that *628 time on paid the premiums. Each payment was accompanied by a statement in writing that payment was made under protest and that the plaintiff was still totally and permanently disabled “ as heretofore ”. Plaintiff commenced an action in Pennsylvania which the defendant successfully defended. This was followed by a second action in Pennsylvania wherein the defendant made answer to the complaint denying among other things that plaintiff was totally and permanently disabled. Prior to the commencement of the present action, the defendant’s investigators trailed the plaintiff for a period of four days in October, 1944, taking moving pictures of him in preparation for the anticipated litigation on the question of his permanent and total disability.
The history of the entire transaction clearly shows that defendant was at all times aware that plaintiff was still claiming to be totally disabled and knew the basis of his claim. The defendant, nevertheless, at all times, consistently denied its liability. It would have been useless under the circumstances for plaintiff to have filed any other or further proof. We think it was error for the court to hold as a matter of law that plaintiff has failed to prove facts constituting compliance with the policy requirements with respect to such proofs or that the facts proven did not, in any event, constitute a waiver on the part of the defendant of any further proofs.
The trial court also reserved decision upon the defendant’s motion for a directed verdict and upon the defendant’s motion to set aside the verdict and for a new trial pursuant to section 549 of the Civil Practice Act. These two motions were not decided by the trial court and are still undecided. This court cannot make decision of these motions in the first instance. No orders thereon are before us for review. (Civ. Prac. Act, § 584.) Nor can this court reinstate the verdict in favor of the plaintiff and direct judgment thereon while these motions remain undecided. To do so, would deprive the defendant of his rights under the motion to set aside the verdict. (Russell v. Rhinehart, 137 App. Div. 843; Burns v. New York & Long Island Traction Co., 139 App. Div. 145; Gumbrell v. Clausen-Flanagan Brewery, 199 App. Div. 778; Paltey v. Egan, 200 N. Y. 83; Thomas v. City of New York, 285 N. Y. 496; 6 Carmody on New York Pleading and Practice, § 471.) Upon reversal of the order granting the non-suit, a new trial could be ordered but under the circumstances of this case and in the interests of justice, it seems that the case should be remitted to the trial court to render decision upon the reserved motions and proceed to enter judgment in accordance *629 with such decision. (Suchy v. Frankenberg, 251 App. Div. 349.) This course may obviate the necessity of a new trial and the judgment rendered and orders made upon the reserved motions may then be reviewed by this court upon the whole record.
The order and judgment appealed from should be reversed and the case remitted to the trial court to proceed in accordance with this opinion, with costs to the appellant to abide the event.
All concur. Present — Taylor, P. J., McCurh, Love, Kim-ball and Piper, JJ.
Judgment and order reversed on the law and case remitted to the trial court to proceed in accordance with the opinion, with costs to the appellant to abide the event.