Henry Epstein, J.
Both parties waived jury, findings and conclusions. Plaintiff sues on an assignment to plaintiff of funds to be forwarded from Italy to the National City Bank in New York City in the amount of $37,222. It is conceded that defendant did not pay said moneys to plaintiff. On September 15, 1951 defendant wrote to the National City Bank:
“ With reference to a credit of $37,222 which you will receive for my account from Crédito Lombardo, Milano, please note that I wish said amount to be paid to:
Southwestern Shipping Corporation 2, Broadway, New York.
Kindly consider above instructions as irrevocable and without recourse whatsoever from my part.
Thanking you for your cooperation,
Very truly yours,
A. Anlyan.”
(Emphasis on original as above.)
On October 3, 1951 plaintiff was advised in writing by the National City Bank that the signature of defendant on the above letter had been ‘ ‘ authenticated ’ ’ by its Canal Street Branch. The bank received the money, yet paid it out to defendant by cashier’s check dated October 17, 1951. The notations on the check show it was for the account of Dante Corti “ By Order Crédito Lombardo Milan ’ ’. On October 4, 1951, after the bank’s acknowledgment of the authenticity of defendant’s signature, plaintiff wrote to Gar moja in Milan, Italy, that it was indebted to said firm in the amount of $37,222, the sum received by the bank. Despite the letter of assignment by him, and despite instructions from the officer of the Canal Street Branch of the National City Bank that, “ if this is the check that belongs to a shipping company ”, he, defendant, could indorse the check and deposit it, or indorse it to the plaintiff, defendant “ took the check and walked out ”.
The fact that defendant did not know plaintiff when he executed the assignment is no defense. “ An agent who makes a contract in his own name for an undisclosed principal is liable on that contract and should be made a party defendant in an action based thereon.” (Western Woodworking Co. v. Kaskel, 133 N. Y. S. 2d 632, 636; Meyer v. Redmond, 205 N. Y. 478.) Defendant produced a copy of the assignment carrying a footnote : “ This letter has been written by Mr. Anlyan on express demand on our part; therefore we release and exonerate him of *844 any possible consequences.” This statement, signed by Corti, defendant’s claimed principal, does not appear on the original received by the plaintitff and by the National City Bank. Plaintiff did not learn of this statement until 1952, long after defendant had taken the money and deposited it to his account in another bank.
Defendant sets up as a defense that plaintiff gave no consideration for the assignment. Cases cited by defendant all antedate the enactment of subdivision 4 of section 33 of the Personal Property Law in 1944 (L. 1944, ch. 588) which provides: “ An assignment hereafter made shall not be denied the effect of irrevocably transferring the assignor’s rights because of the absence of consideration, if such assignment is in writing and signed by the assignor, or by his agent.” In the absence of any proof whatsoever of Italian law by either side to this controversy, the New York law will be applied. Nor is the fact that plaintiff in another action seeks relief against the National City Bank sufficient to preclude recovery against defendant in this case based on defendant’s violation of his express agreement.
The defense of laches — that plaintiff delayed unconscionably in bringing this suit — must also fail. Defendant, a New Jersey resident, was of doubtful solvency; and, when plaintiff learned that defendant had the good fortune to win something like $150,000 in the Irish Sweepstakes, plaintiff obtained jurisdiction by attachment. Neither defendant’s testimony nor his 15 separate defenses warrant further consideration. Judgment for plaintiff in the sum of $37,222, with interest from October 17, 1951.