■ ELLEN BENNETT, Respondent, v. JAMES BENNETT, Appellant.— Order appealed from modified to grant plaintiff alimony *pendente lite* at the rate of $45 per week and counsel fee in the sum of $400. All concur. Settle order. On the record before the court the amounts now fixed are justified. Concur — Peck, P. J., Breitel, Botein, Rabin and Valente, JJ.

■ SOUTHWESTERN SHIPPING CORPORATION, Respondent, v. ARMAND ANLYAN, Appellant.— Judgment unanimously affirmed, with costs and disbursements to respondent. Appellant under section 575 of the Civil Practice Act has the right to appeal on a record containing only the judgment roll (*Suchy* v. *Frankenberg*, 251 App. Div. 349; *Woodside Station Corp.* v. *Brieger*, 260 App. Div. 1009). We believe, however, that on the record before this court the trial court was correct in finding for the plaintiff. Concur — Botein, J. P., Rabin, Frank, McNally and Bastow, JJ. [5 Misc 2d 842.]

■ PARAMOUNT PAD CO., INC., Appellant, v. HYMAN BAUMRIND et al., Respondents.— Orders unanimously modified to the extent of granting plaintiff leave to serve a further amended complaint, and, as so modified, affirmed, without costs. The agreement sued on appears on its face to be an "unreasonable restriction of the liberty of a man to earn his living or exercise his calling". (*Simons* v. *Fried*, 302 N. Y. 323, 324–325.) Certainly, the latter portion of the contract, which prohibits employment in the shoulder pad industry without plaintiff's permission, is too broad. Courts look with disfavor upon such restrictions. (*Lynch* v. *Bailey*, 275 App. Div. 527.) An agreement in restraint of trade is unreasonable if based upon a promise to refrain from competition where the promise is not ancillary either to a contract for the transfer of good will or other subject of property or to an existing employment or contract of employment. The contract in suit explicitly recites that Baumrind was employed by plaintiff five years before the date of the agreement, and, during that five-year period, was employed by another corporation. The allegations of the complaint are insufficient to overcome this manifest admission. While we agree with Special Term that the complaint should have been dismissed, we think that leave to replead should be granted. Plaintiff may be able to supply the necessary nexus between the prior employment, the services with the other corporation for the five-year period, and the restrictive agreement. Moreover, plaintiff is not entirely without remedy. It may be advised to proceed on a theory of fraud or mistake, or seek equitable relief dehors the agreement. Settle order. Concur — Breitel, J. P., Botein, Valente, McNally and Bergan, JJ.