Coastal Commercial Corporation, Appellant, *v.* Samuel Kosoff & Sons, Inc., Defendant and Third-Party Plaintiff-Respondent. Lincoln National Bank & Trust Company et al., Third-Party Defendants.

Fourth Department, April 27, 1960.

*Jay F. Gordon* and *Harris H. Greene* for appellant.

*Philip Hillsberg* for defendant and third-party plaintiff-respondent.

*James Wilber* for Lincoln National Bank & Trust Company, third-party defendant.

BASTOW, J. P. The defendant in 1954 was a general contractor engaged in the construction of a shopping center in the City of Syracuse. It entered into a subcontract with a third party, Industrial Air Conditioning Corp. (hereinafter " Industrial "), to install air conditioning and heating equipment for the sum of $19,500. Industrial in turn contracted with the third-party defendants, Jóseph Cashier & Co., Inc. (hereinafter " Cashier ") and Foley to do certain work in connection with the subcontract.

In the latter part of March, 1955 Industrial sought financing from plaintiff and on March 30 these parties entered into a so-called " Accounts Receivable Agreement " by the terms of which plaintiff agreed to purchase from Industrial acceptable accounts receivable of the latter. The following day Industrial assigned to plaintiff certain specific accounts including one receivable from defendant in the sum of $6,500. Prior thereto, however, and on March 18, 1955 defendant had drawn a check in the sum of $6,500 payable to Industrial and its subcontractors, the third-party defendants, Cashier and Foley. The check was sent to Cashier, who without indorsing it forwarded it to Industrial.

Some time in May, 1955 defendant's check, bearing the purported indorsements of Industrial, Cashier and Foley, was delivered to plaintiff by Industrial in payment of the assigned account. After deposit of the check it was discovered that the indorsements of Cashier and Foley thereon were not genuine and the drawer bank, one of the third-party defendants, obtained reimbursement from plaintiff. Thereafter, the bank turned over the $6,500 to Cashier and Foley and charged the amount to defendant's account. This was apparently done pursuant to an agreement by which defendant would be entitled to judgment over against the bank if the former should be held liable to plaintiff and the bank in turn would have judgment over against Cashier and Foley.

This action was brought to recover $6,500 from defendant. The complaint alleged the making of the assignment, the delivery of the check in the manner heretofore stated and its subsequent nonpayment. The defendant's answer was a general denial and the assertion of certain separate defenses.

Among the latter was a defense that prior to the making by Industrial of the written assignment to plaintiff the former had assigned the account to Cashier and Foley. The defendant also served a third-party complaint upon the present third-party defendants who appeared and answered.

The principal issue on this appeal centers upon certain testimony of Cashier and Foley about an alleged prior oral assignment of the account by Industrial to them. The only credible testimony upon this subject was given by Cashier. He stated in substance that in early March, 1955 in a telephone conversation with the president of Industrial the latter said "tell Kosoff [the defendant] to send you fellows the check and divide it among you". There was a further promise to so advise Kosoff but this was never done. Thereafter, Cashier related the conversation to Kosoff, who, as stated, drew the check of March 18 payable to Cashier and Foley and, as defendant testified, added Industrial's name as a payee for his protection. At the close of the evidence the court denied plaintiff's motion for a directed verdict and stated that the case would be submitted "to the jury to determine whether or not there was in fact an assignment made prior to the date of assignment here."

As we understand the charge, the trial court reviewed for the jury the alleged claim of an oral assignment of the account to Cashier and Foley prior to the written assignment to plaintiff. The jury was then instructed that it must find a verdict of no cause for action if they found that there was no account "that could be or was outstanding and transferable" at the time of the written assignment to plaintiff. The jury returned a verdict in favor of the defendant and a motion to set aside the verdict was denied. Subsequently an application was granted to reargue this motion. In again denying the motion to set aside the verdict the trial court stated that "There was a question whether the indebtedness of Kosoff to Industrial was in existence as an account on March 31st. If it was then it was assignable. If it was not then it was not assignable. The question as to whether or not there was an oral assignment prior to March 31st was not submitted to the jury." We are unable to reconcile this statement with the contents of the charge and the express statement at the close of the evidence that the court intended to submit to the jury the issue as to whether or not there was a prior assignment of the account. The charge when read in its entirety presented this question to the jury and implicit in the verdict is a finding that plaintiff may not recover because at the time of its assignment there was no transferable account by reason of the prior assignment.

This issue is further confused, however, by the contention that Kosoff had issued the check to Industrial, Cashier and Foley prior to the date of the assignment of the claim to plaintiff and that no account receivable existed at the time of the assignment to plaintiff. This issue was only stated to the jury in general terms but in the trial court's memorandum denying for the second time the motion to set aside the verdict it was stated that "Kosoff paid Industrial the account before the assignment and from the evidence Industrial accepted the payment." We do not find in the record, however, any evidence upon which a finding could be made that the account was paid prior to March 31 —the date of plaintiff's assignment. The check was dated March 18 but there is no proof as to the date it was sent to Cashier and by him sent to Industrial. Plaintiff did not receive the check until some time in May, 1955.

It is apparent that a new trial is required. In our opinion the testimony relating to an alleged oral common-law assignment of the claim by Industrial to Cashier and Foley was insufficient as a matter of law to justify submitting that issue to the jury. While no special form of words is necessary to effect an assignment it is requisite that there be a perfected transaction between the parties, intended to vest in the assignee a present right in the things assigned. An assignment at law contemplates a completed transfer of the entire interest of the assignor in the particular subject of assignment, whereby the assignor is divested of all control over the thing assigned. (3 N. Y. Jur., Assignments, § 28.) The proof here submitted, when examined in the light of these rules, was legally insufficient to constitute an assignment. The owner of the claim told one of his sub-contractors to tell the debtor "to send you fellows the check and divide it among you". It is apparent that neither the debtor nor the claimed assignees subsequently treated the transaction as an assignment. The check was made payable to the claimed assignor and assignees. There is no proof that the claimed assignees protested this action. One of them sent the check to the claimed assignor. There is no evidence that either then or subsequently any claim was made by them that they were the sole owners of the check and that the alleged assignor had divested itself of all interest in the claim and that there had been a completed transfer of its entire interest in the claim.

The evidence was legally insufficient to prove a common-law assignment. It is contended, however, that the evidence was admissible to prove an equitable assignment. While many of the distinctions between an equitable and common-law assignment have disappeared (cf. 4 Corbin, Contracts, § 858) the

courts of this State continue to recognize the principle that
"An order drawn for the whole of a particular fund may
amount to an equitable assignment of the fund which will be
binding upon the person to whom it is directed upon notice
given to him." (3 N. Y. Jur., Assignments, § 32, p. 290; 4 Am.
Jur., Assignments, § 76; *Hofferberth* v. *Duckett,* 175 App. Div.
480. See, generally, Restatement, Contracts, § 163, subd. [1].)
The rule was thus stated in *Hinkle Iron Co.* v. *Kohn* (229 N. Y.
179, 183): "The test of an equitable assignment is the inquiry
whether or not an assignment makes an appropriation of the
fund so that the debtor would be justified in paying the debt or
the assigned part to the person claiming to be the assignee."

The appellant contends, however, that the testimony of
Cashier relating to the alleged oral assignment was not admissi-
ble under the rule long established in this State (*Paige* v.
*Cagwin,* 7 Hill 361) that declarations of an assignor made prior
to the assignment are inadmissible against the assignee to estab-
lish a defense to an action brought upon the assignment. (See
*Merkle* v. *Beidleman,* 165 N. Y. 21; 4 Wigmore, Evidence,
§§ 1080, 1082–1083.) The *Merkle* case (*supra*) was an action
brought by the assignee to foreclose a mortgage. Upon the
trial the defendant mortgagor attempted to prove that prior to
the assignment of the mortgage to plaintiff, the mortgagee had
verbally agreed with plaintiff to satisfy the mortgage in con-
sideration of certain services to be performed by defendant. In
holding that this evidence was properly rejected the court said
(p. 26): "The plaintiff is the assignee of this mortgage for a
valuable consideration, and, while he takes it subject to the
equities existing between the original parties, they must be
established by common-law evidence."

This rule must be recognized and applied in the event that
the respondent seeks upon a new trial to establish an equitable
assignment or other equity in its favor by reason of the conduct
of Industrial prior to the time of making the assignment to
plaintiff.

If this phase of the case appears upon another trial it will
also be necessary to pass upon the respective rights and pri-
orities of plaintiff on the one hand and the claimed assignees,
Cashier and Foley, on the other. In *State Factors Corp.* v.
*Sales Factors Corp.* (257 App. Div. 101) it appeared that a
business concern had entered into an agreement with defendant
under which the latter agreed to purchase accounts receivable,
subject to its right to approve the credit of any account. The
company also entered into a factoring contract with plaintiff
under which approved accounts were agreed to be assigned "as

the same are created ''. Subsequently, identical accounts were assigned to both parties to the action. In holding that plaintiff's rights were superior to defendant's equitable rights the court said (p. 103): '' The question thus presented is which of these two innocent parties shall suffer the loss occasioned by the fraud of Lerner Bros. We think upon the conceded facts the plaintiff is entitled to prevail. If we assume, notwithstanding the plaintiff's contention to the contrary, that the defendant's contract is supported by a sufficient consideration, it entitled the defendant to an assignment of all accounts thereafter to be created. Legal title did not thereby pass to the defendant until further action on the part of Lerner Bros. manifesting such a purpose after accounts had been created by the sale of merchandise. (*Rochester Distilling Co.* v. *Rasey,* 142 N. Y. 570.) The contract only created equitable rights (*Stephenson* v. *Go-Gas Co.,* 268 N. Y. 372) enforcible against Lerner Bros. or any assignee of Lerner Bros. having notice thereof. (*Hinkle Iron Co.* v. *Kohn,* 229 N. Y. 179.) Those equities might also prevail if the plaintiff, though without notice, had acquired the accounts without payment of a new consideration. (*Central Trust Co.* v. *West India Imp. Co.,* 169 N. Y. 314; *Suchy* v. *Frankenberg,* 251 App. Div. 349.) But where, as here occurred, the plaintiff acquired legal title to the accounts without knowledge of infirmity and upon payment of a new consideration, it occupied the position of a purchaser for value without notice, whose legal title is superior both to the defendant's earlier equitable rights under the contract of April 30, 1937 (*Glass* v. *Springfield L. I. Cemetery Society,* 252 App. Div. 319; leave to appeal denied, 276 N. Y. 687) and to subsequent assignments. (*Fortunato* v. *Patten,* 147 N. Y. 277; *Fairbanks* v. *Sargent,* 104 *id.* 108.) '' (See, also, *Sillman* v. *Twentieth Century-Fox Film Corp.,* 3 N Y 2d 395, 402.)

Upon the new trial it will be necessary also to pass upon the issue as to whether or not the claim had been paid by defendant prior to the assignment of the account to plaintiff. Obviously, if payment had been made, received and accepted by Industrial prior to its assignment to plaintiff there was no account receivable in existence. In other words there existed no assignable subject matter. In our opinion this issue was not clearly submitted to the jury and it is impossible to determine the basis of its verdict. In the event of a new trial the court should give consideration to the exercise of its discretion to direct a special verdict or special findings which might facilitate an intelligent determination of the case by the jury. (Cf. 6 Carmody-Wait, New York Practice, pp. 648–649.)

The judgment appealed from should be reversed and a new trial granted.

The intermediate orders should be affirmed.

Present — Bastow, J. P., Goldman, Halpern and Henry, JJ.

Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Intermediate orders unanimously affirmed, without costs.