Charles A. Loreto, J.
Motion by plaintiff for summary judgment.
The action is by the assignee for goods sold and delivered.
Invoices on the letterhead of the seller were sent to defendant stamped with the notation 11 this account has been assigned to Whitehall Mercantile Corp., Factors, all communications regarding this shipment must be addressed direct to Whitehall Mercantile Corp.”.
The plaintiff urges that this notation put the debtor on guard and if he pays the assignor any money which under the assignment belongs to it as assignee, he does so at his peril.
Defendant paid the seller directly by check on 13 prior occasions since June, 1959, even though the invoices contained the notation of assignment. Those checks in payment were indorsed *789 by the assignor to the plaintiff assignee. The latter states that it sent letters to the defendant (denied by the letter) stating that payments should be made directly to it. Whether such letters were sent and received, the fact is that payments were made directly to the seller, including the check in the sum of $7,125.46 representing payment for the last invoice received. This check received by the seller was placed in its own account. Payment was not turned over to the plaintiff assignee. The instant action resulted. The defendant claims payment; that the seller acted as the assignee’s agent; that the assignee was estopped from denying actual or apparent authority of the seller to make collections from the defendant; that the notation on the invoice was not sufficient to give due notice.
The undisputed fact is that the defendant received the notice of assignment of the account by the letter dated April 3,1959 and that on November 30, 1961 the defendant received a statement from plaintiff reciting the assignment of the bills.
After notice of assignment, whether letters were sent with each invoice and received, calling attention thereto, is of no moment, and that the debtor persisted thereafter in forwarding its check in payment directly to the assignor on a number of occasions, could not tend to dilute the efficacy of the assignment. The court said in Continental Purchasing Co. v. Van Raalte Co. (251 App. Div. 151, 152): “After notice of the transfer, however, the debtor is put on his guard, and if he pays the assignor any money which, under the assignment, belongs to the assignee, or if he does anything prejudicial to the latter, he is liable for the resulting damage.”
The case of A. J. Armstrong Co. v. Kasco-Mills (9 A D 2d 871), cited by defendant, is distinguishable for there no assignment is involved but merely a request to make payment to another. The court there stated: ‘ ‘ Included in such issues is the question whether the notation referred to was sufficient to put the defendants on notice that the account was assigned ” (italics supplied).
Nor can the court construe the insistence and practice of the defendant in forwarding its checks in payment of the invoices to the assignor instead of to plaintiff assignee, as constituting the making of the assignor the latter’s agent for collection.
On the contrary, at most here it should be construed as a practice indulged in for the convenience of defendant or for some ulterior motive. There are no triable issues. The motion is granted.