■ GENERAL MOTORS ACCEPTANCE CORPORATION, Respondent, v ALBANY WATER BOARD et al., Appellants.—Crew III, J. Appeals (1) from an order and judgment of the Supreme Court (Hughes, J.), entered October 22, 1991 in Albany County, which, *inter alia,* granted plaintiff's cross motion for summary judgment, and (2) from an order of said court, entered November 12, 1991 in Albany County, which denied defendants' motion for reconsideration.

On April 26, 1989, defendant City of Albany issued a purchase order in the amount of $22,317 for the purchase of a

dump truck from Maier-Schule GMC, Inc., a GMC truck dealership, for use by defendant Albany Water Board. On or about May 23, 1989, the City received a copy of an assignment agreement from Maier-Schule, which was subsequently executed by an administrative assistant for the Albany Water Board. The assignment provided, in pertinent part, as follows: "For value received, the undersigned (Dealer) hereby sells, assigns, and transfers to [plaintiff] all accounts and sums due and to become due to Dealer from City of Albany (Purchaser) on account of the sale by Dealer to Purchaser from time to time of new GMC motor vehicles. * * * Dealer authorizes and directs Purchaser to make its checks in payment of the foregoing accounts payable to [plaintiff] and to transmit them to [plaintiff]. Receipt by [plaintiff] of such payments shall be a discharge from the purchaser from its indebtedness to Dealer to the full extent of such payments." In executing this agreement, the City "[a]cknowledged receipt of a copy of [the] assignment and agree[d] to make payments for vehicles purchased from [d]ealer as directed under [the assignment]".

Maier-Schule delivered the dump truck in September 1989 and submitted an invoice and standard voucher to the City in the amount of $22,317. The City subsequently issued a check made payable to Maier-Schule for the full purchase price. It appears that Maier-Schule thereafter went out of business without forwarding the proceeds from the sale of the dump truck to plaintiff. Plaintiff thereafter commenced this action against defendants and, following joinder of issue, defendants moved for summary judgment and plaintiff cross-moved for the same relief.* Supreme Court concluded that in accordance with the terms of the assignment, the City specifically agreed to make all payments for the dump truck directly to plaintiff. Accordingly, Supreme Court, *inter alia,* granted plaintiff's cross motion for summary judgment. Defendants' subsequent motion for reconsideration was also denied by Supreme Court. These appeals by defendants followed.

We affirm. It is well settled that an "account debtor is authorized to pay the assignor until the account debtor receives notification that the amount due or to become due has

---

* We note that inasmuch as neither defendants' motion nor plaintiff's cross motion for summary judgment was supported by a copy of the pleadings *(see,* CPLR 3212 [b]), both motions were procedurally defective and could have been dismissed by Supreme Court on that basis *(see, Mathiesen v Mead,* 168 AD2d 736, 737). None of the parties raise this issue on appeal, however, and because the record before us is sufficiently complete, we will decide these appeals on the merits.

been assigned and that payment is to be made to the assignee" (UCC 9-318 [3]; *see,* 6 NY Jur 2d, Assignments, § 40, at 279-280). Thus, one who pays his or her indebtedness to the assignor in ignorance of the assignment is relieved from all liability to the assignee *(Continental Purch. Co. v Van Raalte Co.,* 251 App Div 151, 152). "After notice of the transfer, however, the debtor is put on his guard, and if he pays the assignor any money which, under the assignment belongs to the assignee, or if he does anything prejudicial to the rights of the latter, he is liable for the resulting damage" *(supra,* at 152; *see, Lincoln Rochester Trust Co. v Marasco Steel,* 66 Misc 2d 295, 297; *Whitehall Mercantile Corp. v Wellbilt Corp.,* 36 Misc 2d 788, 789). No particular form of notice is required *(see,* 6 NY Jur 2d, Assignments, § 42, at 280); rather, it is sufficient if the information known to the debtor either apprises the debtor of the assignment or serves to put the debtor "on inquiry" *(Continental Purch. Co. v Van Raalte Co., supra,* at 152; *see, Capital Factors v Caldor, Inc.,* 182 AD2d 532).

Here, the proof submitted in support of the respective motions for summary judgment plainly establishes that defendants were "on notice" that any and all payments were to be made directly to plaintiff. The language contained in the assignment executed by the parties could not have been more clear: "Dealer authorizes and directs Purchaser to make its checks in payment of the foregoing accounts payable to [plaintiff] and to transmit them to [plaintiff]". Although defendants contend that other language in the assignment renders the quoted payment directive ambiguous, we cannot agree. The third paragraph of the assignment provides that "[w]ithout affecting Dealer's primary responsibility to make collections on the foregoing accounts, Dealer hereby irrevocably appoints [plaintiff] as its attorney to demand, sue for, recover, receive and give effectual discharge for the payment of the accounts hereby assigned". Contrary to defendants' assertions, this paragraph simply delineates the rights and responsibilities existing between plaintiff and Maier-Schule. Defendants' responsibilities are set forth in the preceding paragraph, wherein they are specifically directed to make and transmit payments to plaintiff. This defendants did not do and, hence, plaintiff's cross motion for summary judgment was properly granted. We have considered defendants' remaining contentions, including the appealable portion of their motion for reconsideration, and find the arguments advanced to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur.

Ordered that the orders and judgment are affirmed, with costs.