■ In the Matter of the Estate of THOMAS J. JORDAN, Deceased, Respondent. MARGARET KENNEY, Appellant. [605 NYS2d 596] —Decree unanimously affirmed without costs. Memorandum: The Surrogate correctly held that an agreement executed by decedent, Thomas J. Jordan, transferring decedent's interest in a mortgage to Margaret Kenney (Kenney) if decedent failed "to return or upon [decedent's] death" was neither an assignment, an inter vivos gift, nor a valid will substitute.

The correct test to determine the validity of an assignment or inter vivos gift is " ' "whether the maker intended [it] to have *no effect* until after the maker's death, or whether he intended it to transfer *some present interest*" ' " *(Gruen v Gruen,* 68 NY2d 48, 55, quoting *McCarthy v Pieret,* 281 NY 407, 409). Although decedent had turned over physical possession of the agreement to Kenney after its execution, that did not effect a gift or an assignment of the mortgage. Under the plain terms of the agreement, Kenney received nothing until decedent "fail[ed] to return" or died. In the meantime, decedent retained control of the mortgage with full power of assignment or discharge. Thus, there was not a completed transfer, nor was decedent "divested of all control over the thing assigned" *(Coastal Commercial Corp. v Kosoff & Sons,* 10 AD2d 372, 376; *see also, Gruen v Gruen, supra).*

Further, the agreement did not constitute a valid will substitute. "[I]f the intention is to make a testamentary disposition effective only after death, the gift is invalid unless made by will" *(Gruen v Gruen, supra,* at 53).

We reject Kenney's other contentions as being without merit. (Appeal from Decree of Cattaraugus County Surrogate's Court, Nenno, S.—SCPA 209 [4].) Present—Pine, J. P., Balio, Doerr and Boehm, JJ.