■ GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant, v CLIFTON-FINE CENTRAL SCHOOL DISTRICT, Respondent. [606 NYS2d 96] —White, J. Appeal from an order of the Supreme Court (Duskas, J.), entered December 11, 1992 in St. Lawrence County, which denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment dismissing the complaint.

In July 1988, defendant purchased two GMC school buses for $81,242 from Maier-Schule GMC, Inc., a truck and bus dealership located in Buffalo. On December 12, 1988, Maier-Schule assigned to plaintiff "all accounts and sums due and to become due to Dealer from Clinton-Fine Central School (Purchaser) on account of the sale by Dealer to Purchaser from time to time of new GMC motor vehicles". Defendant's business manager acknowledged receipt of the assignment on January 9, 1989 and agreed to make payments for vehicles purchased from Maier-Schule in accordance with the terms of the assignment. Despite the assignment, defendant paid the invoice for the buses by remitting an $81,242 check to Maier-Schule. Plaintiff never registered an objection to defendant regarding this method of payment.

Defendant again contracted on September 7, 1989 to purchase two GMC school buses from Maier-Schule for $80,318. As before, it paid for the buses on January 12, 1990 by remitting its check to Maier-Schule. This time Maier-Schule failed to forward the proceeds of the check to plaintiff, presumably because it went out of business in March 1990.

Plaintiff then commenced this action seeking damages from

defendant on the ground that defendant's January 1990 payment to Maier-Schule constituted a breach of the assignment. Following joinder of issue, both parties sought summary judgment. Supreme Court denied plaintiff's motion and granted defendant's motion, holding that defendant was justified in making payment to Maier-Schule pursuant to a classic indirect collection procedure.

It is well settled that once an account debtor has notice of an assignment, the account debtor is liable to the assignee if the account debtor pays the assignor money which, under the terms of the assignment, belongs to the assignee (see, *General Motors Acceptance Corp. v Scio Volunteer Fire Dept.*, 191 AD2d 981; *General Motors Acceptance Corp. v Albany Water Bd.*, 187 AD2d 894). However, even though an account debtor is aware of an assignment, if the account debtor continues to pay the assignor and the assignee does not object, the account debtor is not bound by the assignment (see, *Warrington v Dawson*, 798 F2d 1533, 1539; *Haas' Estate v Metro-Goldwyn-Mayer, Inc.*, 617 F2d 1136, 1140). In such a situation, an assignee who wants to take over collection must notify the account debtor to make future payments to him (see, *First Natl. Bank v Board of Educ.*, 68 Ill App 3d 21, 24, 385 NE2d 811; see also, UCC 9-318, official comment 3).

Here, unlike in *General Motors Acceptance Corp. v Scio Volunteer Fire Dept. (supra)* and *General Motors Acceptance Corp. v Albany Water Bd. (supra)*, there was a previous course of dealing between defendant and Maier-Schule and plaintiff permitted Maier-Schule to collect claims by not objecting to defendant paying Maier-Schule on January 23, 1989. Therefore, because plaintiff never notified defendant of its desire that future payments be made to it, defendant was justified in making payment to Maier-Schule. Accordingly, we affirm.

Mikoll, J. P., Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.