■ RICHARD T. BLAKE & ASSOCIATES, INC., et al., Respondents-Appellants, v AETNA CASUALTY AND SURETY COMPANY et al., Appellants-Respondents. [681 NYS2d 73] —In an action, *inter alia,* for a judgment declaring that the plaintiffs are entitled to certain assets of an insurance agency, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), entered July 1, 1997, as denied their motion for summary judgment dismissing the complaint, and the plaintiffs cross-appeal from so much of the same order as denied their cross motion for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, and the defendants' motion for summary judgment is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiffs are not entitled to the disputed assets; and it is further,

Ordered that the defendants are awarded one bill of costs.

The individual plaintiff, Richard T. Blake, is the president

and sole shareholder of the plaintiff insurance agency, Richard T. Blake & Associates, Inc. (hereinafter the Blake Agency). In 1989 the Blake Agency sold its assets to Joseph Annunziata Associates, Inc. (hereinafter JAA). The Blake Agency and JAA executed several documents in connection with the sale, including a security agreement. The unpaid portion of the purchase price was secured by tangible and intangible property, including a life insurance policy, several mortgages, the JAA office lease, and JAA stock.

The Blake Agency contends that it also acquired a security interest in the insurance accounts known as "expirations" that JAA obtained on behalf of the defendant Aetna Casualty and Surety Company (hereinafter Aetna). The term "expirations" is understood in the insurance industry to mean an agency's records or copies of its insurance policies, which contain the date of the policy, name of the insured, date of expiration, amount of insurance, premiums, property covered, and terms of insurance (*see,* 4 Couch, Insurance § 57:59, at 57-113 [3d ed]; *Barrow v Lawrence United Corp.,* 146 AD2d 15, 18). Expirations are recognized as valuable assets because they provide leads for soliciting new business and renewals.

The ownership and use of the expirations that JAA obtained on behalf of Aetna (hereinafter the expirations) were governed by the terms of an agency agreement, which expressly provided that if JAA did not promptly pay the premiums to Aetna, the ownership of the expirations would revert to Aetna. When JAA defaulted in the payment of the premiums in 1992, Aetna terminated the agency agreement and transferred the expirations to MRW Group, Inc. (hereinafter MRW). When JAA defaulted on its obligations to the Blake Agency, the Blake Agency seized certain assets that had been pledged as collateral but was unable to get the transferred expirations. The Blake Agency commenced this action against Aetna and MRW, contending that it was entitled to immediate possession of the expirations because it had acquired a security interest in the expirations that was prior to and superior to Aetna's ownership interest.

The parties dispute whether the security agreement between the Blake Agency and JAA adequately described the collateral to include the expirations. Even assuming that the Blake Agency acquired a valid and enforceable security interest in the expirations, the security interest was limited to the same extent that JAA's rights were limited by the agency agreement. It is well established that an assignee stands in the shoes of the assignor and takes the assignment subject to any

pre-existing liabilities (*Matter of International Ribbon Mills [Arjan Ribbons]*, 36 NY2d 121, 126). Here, any security interest that the Blake Agency may have acquired in the expirations was limited by the agency agreement, which unequivocally provided that the expirations would revert to Aetna in the event of JAA's default (*see, Septembertide Publ. v Stein & Day*, 884 F2d 675; *Tigue v Commercial Life Ins. Co.*, 219 AD2d 820). Inasmuch as the agency agreement was clear and unambiguous on its face, the defendants are entitled to summary judgment (*see, Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172).

Since this was an action, *inter alia*, for a declaratory judgment, we remit the matter to the Supreme Court for the entry of a judgment declaring that the plaintiffs are not entitled to the expirations (*see, Lanza v Wagner*, 11 NY2d 317, 334, *cert denied* 371 US 901). O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.