In the Matter of the Estate of HELEN JOSLIN WATSON, Deceased. GLEN T. VAN INGEN, Appellant; MICHAEL J. BELL, as Executor of HELEN JOSLIN WATSON, Deceased, Respondent, et al., Respondent. [782 NYS2d 316]—

Appeal from an order the Surrogate's Court, Monroe County (Edmund A. Calvaruso, S.), entered May 5, 2003. The order, insofar as appealed from, adjudged that decedent made a valid inter vivos gift to respondent Michael J. Bell of a future release of mortgage liability and authorized him as the executor of the estate to execute a discharge of the mortgage on certain property.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is granted in part in accordance with the following memorandum: Surrogate's Court erred in determining that respondent Michael J. Bell established that a handwritten document executed by Helen Joslin Watson (decedent) effectuated a valid inter vivos gift instead of constituting an invalid testamentary disposition (*see Gruen v Gruen*, 68 NY2d 48, 53 [1986]). The test is whether decedent intended the gift to have no effect until after her death or whether she intended it to transfer some present interest (*see id.* at 55). Here, the plain language of the document manifests decedent's intent to effectuate the release of Bell's obligation to decedent under a note and mortgage "at the time of [her] death," a phrase which decedent used twice in the document. The court concluded that the document effectuated a present inter vivos gift in part because the verbs "release" and "consider" are in the present tense; significantly, however, we note that both verbs are limited by the phrase "at the time of my death." Thus, we conclude that the document did not effectuate an inter vivos gift (*see Matter of Jordan*, 199 AD2d 998 [1993]; *see also McCarthy v Pieret*, 281 NY 407, 408-410 [1939], *rearg denied* 282 NY 800 [1940]; *cf. Gannon v McGuire*, 160 NY 476 [1899]). Moreover, "the agreement did not constitute a valid will substitute. '[I]f the intention is to make a testamentary disposition effective only after death, the gift is invalid unless made by will' " (*Jordan*, 199 AD2d at 998, quoting *Gruen*, 68 NY2d at 53). Therefore, we reverse the order insofar as appealed from and grant the petition to the extent of determining that the note and mortgage continue in full force and effect. Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.