■ TPZ CORPORATION, Respondent, v LUCILLE DABBS, Doing Business as LOUDOR COMPANY, Appellant, et al., Defendants.
[808 NYS2d 746]—

In an action to recover on a promissory note, the defendant Lucille Dabbs, doing business as Loudor Company appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Lebowitz, J.), dated March 3, 2003, as granted the plaintiff's motion for summary judgment and denied that branch of her cross motion which was for summary judgment dismissing the complaint insofar as asserted against her or, alternatively, for a credit for certain payments made on the note, and (2) from a judgment of the same court dated April 30, 2003, which is in favor of the plaintiff and against her in the principal sum of $189,000. The notice of appeal from the order dated March 3, 2003, is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]). Justice Fisher has been substituted for the late Justice Altman (*see* 22 NYCRR 670.1 [c]).

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, the plaintiff's motion for summary judgment is denied, and the order dated March 3, 2003, is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

This appeal concerns the enforcement of a mortgage promissory note. The relevant facts to be drawn from the record may be summarized as follows: On January 5, 1988, the defendant

Lucille Dabbs, doing business as Loudor Company (hereinafter the defendant), executed a mortgage and mortgage promissory note in favor of nonparty Winant Place Associates (hereinafter WPA), in the principal sum of $189,000. Under the terms of the note, full payment was due by January 5, 1991. By assignment dated August 3, 1989, and recorded September 11, 1989, WPA assigned the mortgage and note to nonparty, SRF Builders Capital Corporation (hereinafter SRF). On or about July 22, 1993, SRF purportedly assigned the mortgage and note to the plaintiff. However, there is no competent evidence of this purported assignment on the record. Further, the plaintiff admitted that no steps were taken to notify the defendant of the assignment or to enforce the note until it commenced this action in 1997. Rather, despite the assignment of the note from WPA to SRF in 1989, and the purported assignment of the note from SRF to the plaintiff in 1993, WPA continued to act as if it owned the note until at least December 1995. For example, on October 22, 1991, WPA agreed with the defendant to extend the due date of the note. Further, by letter dated December 12, 1995, WPA agreed to accept the surrender of the defendant's interest in the property in lieu of foreclosure if the defendant paid the transfer and recording taxes, and WPA's attorney's fees. The defendant tendered the deed to the property to WPA and a check in the demanded amount. However, by letter dated April 11, 1996, WPA notified the defendant that a review of the records of the County Clerk had revealed that WPA "[did] not have the authority to take back the deed in lieu of foreclosure." WPA never recorded the deed and refunded all monies tendered by the defendant. The letter does not indicate the basis for WPA's conclusion that it lacked authority to accept the deed, and did not mention either SRF or the plaintiff.

In 1997 the plaintiff commenced this action "as assignee" of SRF to foreclose the underlying mortgage. In 2001 the action was converted to one to recover on the subject promissory note after it was determined that the mortgaged property had been sold at a tax foreclosure sale. The plaintiff noted that the due date set forth in the note had passed and that the defendant had not produced any evidence of payment. Thus, the plaintiff argued, it was entitled to a judgment for the face value of the note ($189,000) plus interest from January 5, 1991, at the contractual default rate of 25% per annum.

The defendant opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her. The defendant denied that she was notified that the note had been assigned until this action was com-

menced, and asserted that she believed at all relevant times that it was owned by WPA. The defendant argued, inter alia, that her obligation on the note had been extinguished by her surrender of the deed to WPA in December 1995, and that the plaintiff was estopped from arguing to the contrary. Alternatively, she asserted that she was entitled to, inter alia, a credit for the payments she had made on the note. The defendant averred that she had proffered various records and checks during disclosure that showed significant payments were made on the note.

The Supreme Court granted the plaintiff's motion, denied the defendant's cross motion, and entered a judgment in favor of the plaintiff and against the defendant in the principal sum of $189,000. We reverse the judgment and deny the plaintiff's motion for summary judgment. On the record presented, summary judgment to either party is premature.

In support of its motion, the plaintiff failed to demonstrate a prima facie entitlement to judgment as a matter of law because it failed to present competent proof of its standing as an assignee of the note. The validity of the assignment of the note to the plaintiff, and the plaintiff's standing to prosecute this action, was put into issue by the defendant's verified amended answer. In addition to there being no competent proof of the purported assignment of the note from SRF to the plaintiff, we find, upon searching the record, that the conduct of WPA raises additional questions of fact as to the validity of the assignment (*see* CPLR 3212 [c]; *Cortez v Countrywide Ins. Co.,* 17 AD3d 508 [2005], *lv denied* 5 NY3d 716 [2005]). As noted, *supra,* WPA continued to act as if it owned the note through December 1995. "In order for an assignment to be valid, the assignor must be 'divested of all control over the thing assigned' " (*Matter of Stralem,* 303 AD2d 120, 123 [2003], quoting *Coastal Commercial Corp. v Kosoff & Sons,* 10 AD2d 372, 376 [1960]). Further, "an assignee never stands in any better position than his assignor" (*Matter of International Ribbon Mills [Arjan Ribbons],* 36 NY2d 121, 126 [1975]) and takes an assignment subject to any preexisting liabilities (*see Richard T. Blake & Assoc. v Aetna Cas. & Sur. Co.,* 255 AD2d 569, 570 [1998]). This includes all defenses and counterclaims that can be asserted against the assignor of a mortgage and note (*see State St. Bank & Trust Co. v Boayke,* 249 AD2d 535 [1998]). Here, whether WPA's conduct invalidated the assignment, and whether either SRF or the plaintiff may be bound thereby, was not addressed at the Supreme Court, and cannot be resolved as a matter of law on the record presented.

Further, in opposition to the plaintiff's motion, the defendant raised a triable issue of fact as to an offset for payments made on the note. It is well settled that " 'an account debtor is authorized to pay the assignor until the account debtor receives notification that the amount due or to become due has been assigned and that payment is to be made to the assignee' (UCC 9-318 [3]; *see* 6 NY Jur 2d, Assignments, § 40, at 279-280). Thus, one who pays his or her indebtedness to the assignor in ignorance of the assignment is relieved from all liability to the assignee (*Continental Purch. Co. v Van Raalte Co.*, 251 App Div 151, 152). 'After notice of the transfer, however, the debtor is put on his guard, and if he pays the assignor any money which, under the assignment belongs to the assignee, or if he does anything prejudicial to the rights of the latter, he is liable for the resulting damage' (*supra*, at 152 . . .). No particular form of notice is required (*see* 6 NY Jur 2d, Assignments, § 42, at 280); rather, it is sufficient if the information known to the debtor either apprises the debtor of the assignment or serves to put the debtor 'on inquiry' (*Continental Purch. Co. v Van Raalte Co., supra*, at 152; *see Capital Factors v Caldor, Inc.*, 182 AD2d 532)." (*General Motors Acceptance Corp. v Albany Water Bd.*, 187 AD2d 894, 895-896 [1992]; *see also General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist.*, 199 AD2d 939 [1993], *affd as mod* 85 NY2d 232 [1995]; *Tri City Roofers v Northeastern Indus. Park*, 91 AD2d 769 [1982], *affd* 61 NY2d 779 [1984]; UCC § 9-406). Here, the defendant raised a triable issue of fact as to whether she made payments on the note prior to being notified or being "on inquiry" that the note had been assigned.

However, in support of her cross motion, the defendant failed to demonstrate a prima facie entitlement to judgment as a matter of law that her obligation under the note was extinguished by her surrender of the deed, to the WPA, and that the plaintiff may be bound thereby. Shortly after the defendant's tender of the deed, WPA notified the defendant that it lacked the authority to consummate the agreement, that it would not be recording the deed, and that it was refunding the defendant's payment of the recording and transfer fees. The record is devoid of any evidence as to what occurred from that point until the property was sold at a tax foreclosure sale. Thus, there are questions of fact whether an enforceable agreement was reached, or whether the agreement was rescinded or abandoned (*see Savitsky v Sukenik*, 240 AD2d 557 [1997]). Further, there is a question of fact whether there is a defense that the plaintiff may interpose to such an agreement, such as impossibility of performance (*see Kel Kim Corp. v Central Mkts.*, 70 NY2d 900

[1987]). In addition, even if a valid and enforceable agreement is found, there is a question of fact whether the plaintiff may be estopped thereby (*see La Porto v Village of Philmont,* 39 NY2d 7 [1976]; *Joseph Schultz & Co. v Camden Fire Ins. Assn.,* 304 NY 143 [1952]; *Rothschild v Title Guar. & Trust Co.,* 204 NY 458 [1912]; *Sassower v Barone,* 85 AD2d 81 [1982]).

Finally, the contractual interest awarded in the judgment was calculated on the full face amount of the note from January 5, 1991, the due date set forth in the note. However, in addition to the question of fact raised by the defendant as to whether an offset for payments was made on the note (*supra*), we find questions of fact as to whether the due date of the note was extended by agreement with or by the conduct of WPA, and whether the plaintiff may be estopped thereby (*see generally LaPorto v Village of Philmont, supra; Schultz & Co. v Camden Fire Ins. Assn., supra; Rothschild v Title Guarantee & Trust Co., supra; Sassower v Barone, supra*). Ritter, J.P., Mastro and Fisher, JJ., concur.

Skelos, J., concurs in part and dissents in part and votes to reverse the judgment, deny the plaintiff's motion, grant that branch of the cross motion of the defendant Lucille Dabbs, doing business as Loudor Company, which was for summary judgment dismissing the complaint insofar as asserted against her, and modify the order accordingly, with the following memorandum: I agree with the majority that the plaintiff failed to establish its entitlement to summary judgment. The record is devoid of competent proof that the plaintiff has standing to pursue this action as an assignee. However, I disagree with the majority's conclusion that the defendant Lucille Dabbs, doing business as Loudor Company (hereinafter the defendant) is not entitled to summary judgment. I believe that the record provides sufficient evidence to determine as a matter of law that the conduct of Winant Place Associates (hereinafter WPA) over the life of the note invalidated any purported assignment of it. Thus, WPA had full capacity to act when it accepted a deed in lieu of foreclosure and extinguished the defendant's loan obligations.

On January 5, 1988, the defendant, a partnership, executed a mortgage and promissory note in favor of WPA securing the purchase of real property on Staten Island. By assignment dated August 3, 1989, the mortgage and note were purportedly transferred to SRF Builders Capital Corporation (hereinafter SRF). Thereafter, on or about July 22, 1993, as part of a settlement agreement between SRF and another entity, SRF's loan portfolio was allegedly transferred to the plaintiff. As indicated above, there is no competent proof of such an assignment in the record.

However, in my opinion, the evidence is sufficient to demonstrate that WPA never divested itself of control over the defendant's note and mortgage, despite the alleged assignment of these documents to SRF on August 3, 1989. "In order for an assignment to be valid, the assignor must be 'divested of all control over the thing assigned' " (*Matter of Stralem,* 303 AD2d 120, 123 [2003], quoting *Coastal Commercial Corp. v Kosoff & Sons,* 10 AD2d 372, 376 [1960]). Significantly, there is no evidence in the record that either WPA or SRF notified the defendant of this assignment. Nor is there evidence demonstrating that SRF or the plaintiff asserted control over the note. To the contrary, the record establishes that the defendant resumed payments to WPA, not SRF, in or about August 1989. It was WPA that declared a default in the mortgage and note on two occasions in 1990, not SRF. It was WPA that continued to collect payments on the note through September 1991, not SRF. It was WPA, not SRF, that entered into an amendment with the defendant in October 1991 extending the terms of the original loan. It was WPA, not SRF, that accepted 32 payments from the defendant totaling $82,352 from October 1991 through May 1994 pursuant to the terms of that amendment, including 10 payments after July 22, 1993, the date of the purported assignment of SRF assets to the plaintiff. Under these circumstances, it cannot be said that WPA "intended . . . to transfer some present interest" in the defendant's mortgage and note to SRF when it executed the assignment in 1989 (*Matter of Jordan,* 199 AD2d 998 [1993]; *see Gruen v Gruen,* 68 NY2d 48, 55 [1986]; *McCarthy v Pieret,* 281 NY 407, 409 [1939]).

"Under New York law, an assignment occurs only where the assignor retains no control over the funds, no authority to collect and no power to revoke" (*Natwest USA Credit Corp. v Alco Standard Corp.,* 858 F Supp 401, 413 [1994]; *see Miller v Wells Fargo Bank Intl. Corp.,* 540 F2d 548, 558 [1976]). As such, the assignment from WPA to SRF was rendered invalid by WPA's conduct and SRF"s acquiescence therein dating back to its inception in August 1989. This is so despite the recorded filing of the SRF assignment. As this Court has noted with regard to other recorded instruments, a written contract may be modified by the parties' postagreement and postfiling course of conduct (*see General Elec. Capital Commercial Automotive Fin. v Spartan Motors,* 246 AD2d 41 [1998] [recorded security agreement describing single method by which financier would acquire purchase money security interest superior to that of prior secured lienholder was permissibly altered by parties' course of performance]).

"It is elementary ancient law that an assignee never stands

in any better position than his assignor" (*Matter of International Ribbon Mills [Arjan Ribbons]*, 36 NY2d 121, 126 [1975]). An assignee takes an assignment subject to any preexisting liabilities (*see Richard T. Blake & Assoc. v Aetna Cas. & Sur. Co.*, 255 AD2d 569, 570 [1998]). This includes all defenses and counterclaims that can be asserted against the assignor of a mortgage and note (*see Crispino v Greenpoint Mtge. Corp.*, 304 AD2d 608, 609-610 [2003]; *State St. Bank & Trust Co. v Boayke*, 249 AD2d 535 [1998]). In my opinion, the record sufficiently indicates that the purported 1989 assignment of the defendant's mortgage and note from WPA to SRF was invalided by the postassignment conduct of WPA. As such, the alleged assignment of the defendant's mortgage and note from SRF to the plaintiff in 1993 was of no force or effect.

Since WPA never actually assigned its rights under the defendant's mortgage and note it had full capacity to accept a deed in lieu of foreclosure and extinguish the defendant's loan obligations. The record reveals that the defendant effectuated a valid satisfaction of the mortgage debt on December 27, 1995, when the defendant tendered a deed in lieu of foreclosure to WPA and made requisite payments pursuant to an agreement with WPA. The agreement specifically stated that the defendant offered and WPA accepted a surrender of the property by way of a deed in lieu of foreclosure, and that in consideration therefore, WPA "shall release [the defendant] and its partners from all liability under [the] Mortgage, the Mortgage Note and the Modification including but not limited to all principal, interest and late fees." This constituted an express merger of the deed with the mortgage, and extinguished all of the defendant's liabilities under the mortgage and note (*see Dime Sav. Bank of Brooklyn v Coleman*, 267 App Div 828 [1944]; *cf. Riley v South Somers Dev. Corp.*, 222 AD2d 113 [1996]). The defendant should receive the benefit of this bargain. Accordingly, I believe the defendant is entitled to summary judgment dismissing the complaint insofar as asserted against her without the need for further proceedings.