■ RESOURCE FINANCE COMPANY et al., Respondents, v CYNERGY DATA LLC et al., Defendants, and CARD PAYMENT SERVICES, LLC, et al., Appellants. [966 NYS2d 24]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered September 26, 2011, which denied the motion of defendants Card Payment Services, LLC and Seymour Weissman to dismiss the complaint as against them, unanimously modified, on the law, to grant the motion to the extent of dismissing the second, fifth, sixth, seventh and eighth causes of action as against Card Payment Services and Weissman, and otherwise affirmed, without costs.

Because neither plaintiffs nor their debtors ever obtained the required consent from defendant Card Payment Systems of New York, LLC (CPS LLC) to grant plaintiffs a security interest in CPS LLC's assets, no such interest was created (*see Richard T. Blake & Assoc. v Aetna Cas. & Sur. Co.*, 255 AD2d 569 [2d Dept

1998]). Although plaintiffs can enforce debtors' rights under various noncompetition agreements entered into by Weissman, the breach of such contracts does not support a claim for conversion of wrongfully diverted accounts (*see Peters Griffin Woodward, Inc. v WCSC, Inc.*, 88 AD2d 883, 884 [1st Dept 1982]). Accordingly, plaintiffs' claims based on the existence of a security interest in CPS LLC's assets must be dismissed.

Plaintiffs however do state a claim for unjust enrichment. Plaintiffs allege that Weissman essentially stole back the business that he was paid some $2 million to give to (and not take back from) debtors. The fact that there are express agreements does not bar the pleading of a quasi contract claim, where, as here, defendants contest the validity of those agreements (*see Veritas Capital Mgt., L.L.C. v Campbell*, 82 AD3d 529, 530 [1st Dept 2011], *lv dismissed* 17 NY3d 778 [2011]). As the only argument against the claim for a constructive trust was the failure of the unjust enrichment claim, that claim was also properly sustained. Moreover, while Weissman and Card Payment Services are not fiduciaries of plaintiffs, Weissman is a fiduciary of one of the debtors, and thus dismissal of the accounting claim was properly denied. Concur—Mazzarelli, J.P., Sweeny, Freedman and Gische, JJ.