12-4499-cv
The Winfield Group, Inc. v. The Erie Insurance Group, AKA The Erie Insurance Company

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand thirteen.

PRESENT: PIERRE N. LEVAL,
          RICHARD C. WESLEY,
          PETER W. HALL,
                    *Circuit Judges.*

-----------------------------------------------

THE WINFIELD GROUP, INC.,

                    *Plaintiff-Appellant,*

          -v.-                              No. 12-4499-cv

THE ERIE INSURANCE GROUP, AKA
THE ERIE INSURANCE COMPANY,

                    *Defendant-Appellee.*

-----------------------------------------------

FOR APPELLANT:      James B. Tuttle, The Tuttle Law Firm,
                    Latham, NY.

FOR APPELLEE:       Arthur J. Siegel, Bond, Schoeneck & King,
                    PLLC, Albany, NY.

     Appeal from the United States District Court for the Northern District of New York (Sharpe, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order is **AFFIRMED**.

The Winfield Group, Inc. ("Winfield") appeals from the District Court's summary judgment in favor of the Erie Insurance Group ("Erie"). We assume the parties' familiarity with the underlying facts and history of the case, as well as the issues on appeal.

Winfield's conversion action relies on a showing of "legal ownership or an immediate superior right of possession to a specific identifiable thing and that the defendant exercised an unauthorized dominion over that property . . . to the exclusion of the plaintiff's rights." *Meese v. Miller*, 79 A.D.2d 237, 242-43 (4th Dep't 1981) (internal quotation and citation omitted). Winfield claims conversion of insurance expirations, which are "understood in the insurance industry to mean an agency's records or copies of its insurance policies, which contain the date of the policy, name of the insured, date of expiration, amount of insurance, premiums, property covered, and terms of insurance." *Richard T. Blake & Assocs. v. Aetna Cas. & Sur. Co.*, 255 A.D.2d 569, 570 (2d Dep't 1998). Whether the claim is for this bundle of data or for customers' future

business, and assuming *arguendo* that there was an "ownable" property right at issue, Erie was entitled to use this data and to retain its customers' business.  Winfield has not demonstrated conversion.

Winfield's claim of tortious interference requires a showing "that the defendant either employed wrongful means or acted for the sole purpose of inflicting intentional harm."  *Posner v. Lewis*, 18 N.Y.3d 566, 570 n.2 (2012) (internal quotation omitted).  Although a breach of fiduciary duty constitutes "wrongful means," Erie owed no fiduciary duty regarding the future business of Winfield's customers.  *See EBC I, Inc. v. Goldman Sachs & Co.*, 5 N.Y.3d 11, 19 (2005) (noting that a fiduciary relationship "is grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions").

Finally, although Winfield did not complain of breach of contract, we interpret its arguments as suggesting that Erie made unauthorized disclosures of expirations information which breached contract rights of Winfield.  We need not reach any legal issues raised by this claim because the record does not reflect that Erie made such unauthorized

3

disclosures.  In the absence of an unauthorized disclosure, there was no breach of contract.

We have considered all of Winfield's arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```