NYCTL 1998-2 Trust v 70 Orchard LLC (2018 NY Slip Op 09004)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

NYCTL 1998-2 Trust v 70 Orchard LLC

2018 NY Slip Op 09004

Decided on December 27, 2018

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2018
Acosta, P.J., Gische, Mazzarelli, Webber, Oing, JJ.


652883/12 7963N 7962

[*1] NYCTL 1998-2 TRUST, et al., Plaintiffs-Appellants,
v 70 Orchard LLC, Defendant-Respondent, United States of America Internal Revenue Service, et al., Defendants.

Bronster, LLP, New York (Adam P. Briskin of counsel), for appellants.
Goldberg Weprin Finkel Goldstein LLP, New York (Howard S. Bonfield of counsel), for respondent.

Orders, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about January 12, 2017, and on or about July 6, 2017, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment as against defendant 70 Orchard LLC, and granted defendant's cross motion for summary judgment dismissing the complaint, respectively, unanimously reversed, on the law, without costs, plaintiffs' motion granted, and defendant's cross motion denied.
Plaintiffs are the lawful assignees of certain City of New York water and sewer tax liens against property owned by defendant. The City complied fully with the provisions of Administrative Code of City of NY § 11-320, which requires, inter alia, that four notices of the sale of the liens be sent to the property owner at specified intervals before the sale and that another notice be sent 30 days after the sale (id. § 11-320[b][1]). The City's four pre-sale notices informed defendant of the debt, of the impending sale, and of defendant's obligation to pay the City, if at all, by August 1, 2011. The notices also informed defendant that, after the sale, it should make payment arrangements with the new lienholder's representative.
Defendant did not pay the amounts owed by August 1, 2011. On the day after the tax liens were assigned to plaintiffs, defendant made payments to the City. The payments were not credited against defendant's debt, because, once the assignment had taken place, payments had to be made to plaintiffs (see NYCTL-2008-A Trust v IG Greenpoint Corp. [Sup Ct, NY County, Feb. 28, 2014, Scarpulla, J., Index No. 108725/2009]).
Contrary to defendant's argument, there is no tension between the Administrative Code's provisions for tax liens and tax sales and the law generally governing payments of an assigned [*2]debt. Once a debtor has notice that the debt has been assigned, or has been put "on inquiry" as to an assignment of the debt, payments to the assignor (the original creditor) are not applied to the debt (TPZ Corp. v Dabbs, 25 AD3d 787, 790 [2d Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 27, 2018
CLERK